**CAPITAL TRANSIT CO. v. GAMBLE.**

No. 9752.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 6, 1948.

Decided Feb. 14, 1949.

Mr. Howard Boyd, of Washington, D. C., with whom Messrs. Edward B. Williams and Robert K. Eifler, both of Washington, D. C., were on the brief, for appellant.

Mr. Louis Ginberg, of Washington, D. C., with whom Messrs. Dorsey K. Offutt, M. Taft Woodruff and Denver H. Graham, all of Washington, D. C., were on the brief, for appellee.

Before EDGERTON, CLARK, and PRETTYMAN, Circuit Judges.

PER CURIAM.

Appellee, plaintiff below, recovered judgment against appellant, defendant below, for personal injuries in a collision between the automobile appellee was driving and appellant's streetcar. Appellee's testimony was to the following effect. About 6 o'clock on a dark and foggy morning he drove south on Vermont Avenue to its intersection with U Street. His lights were on and his windshield wiper was operating. As he reached U Street he slowed down, from a speed of 15 or 18 miles an hour to a speed of 10 or 12 miles an hour, and looked to the left and then to the right. He saw "it was clear and proceeded to go on from there." He could see only about two street car lengths in either direction. Just as his front wheels reached the south (eastbound) track he discovered an eastbound streetcar approaching at 35 or 40 miles an hour and only about 1½ car lengths away. The streetcar did not slow down or sound a bell. Appellee put his car into second gear to gain speed, but the streetcar struck it between the right-hand doors. Appellee's brakes were in good condition and he could have stopped "in 5 or 6 feet, maybe, or probably 10."

The court instructed the jury, over appellant's objection, that "if you believe the testimony of the plaintiff, together with the necessary implications involved in that testimony, you should find for the plaintiff." This instruction told the jury, in effect, that if the appellee's story and its implications were true, not only was appellant negligent but appellee was not guilty of contributory negligence. But appellee's story implied that between the time he entered U Street and the time he reached the car track on its farther side, he made no attempt to see whether streetcars or other vehicles were approaching. We think reasonable minds might differ on the question whether, on such a dark and foggy morning, this failure to look a second time was not contributory negligence. It was therefore error for the court to answer it instead of leaving it to the jury.

Reversed.