**HAMILTON NATIONAL BANK OF CHATTANOOGA, as Trustee of Trust Under Will of Mrs. Hazel M. Hutcheson and as Co-Trustee Under Trust Agreement of John L. Hutcheson, Jr., for Benefit of Hazel Montague Hutcheson, Dated Dec. 8, 1937,**

v.

**John L. HUTCHESON III et al.**

**Civ. A. No. 6272.**

United States District Court,
E. D. Tennessee, S. D.

April 5, 1973.

Charles J. Gearhiser of Stophel, Caldwell & Heggie, Chattanooga, Tenn., for plaintiff.

Morgan, Garner & Wood, Chattanooga, Tenn., for defendants.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This case is presently before the Court upon the plaintiffs' motion for summary judgment. This lawsuit was originally filed as an interpleader action by the trustee of two trusts to determine the validity of one trust (Trust No. 1347) and to determine the number of beneficiaries under a second trust (Trust No. 1128). A consent judgment has been entered with respect to Trust No. 1347 (Court File No. 17). The Court thereupon directed the plaintiff to file a motion for summary judgment with respect to the issue involved regarding Trust No. 1128, namely whether Marion Housch Hutcheson, Jr. is a beneficiary under Trust No. 1128 (Court File No. 18). Accordingly, the case is before the Court upon the complaint, the answers of the parties, the plaintiff's motion for summary judgment (Court File No. 20) and the responses thereto. Included in the record is a stipulation of the parties, together with the affidavit of Marion Housch Hutcheson, Jr. and a portion of the testimony of John L. Hutcheson, Jr. (Court File No. 16). Upon the basis of the foregoing record the following facts with reference to Trust No. 1128 appear to be undisputed.

Upon December 8, 1937, John L. Hutcheson, Jr. (herein sometimes referred to as "grantor") created an inter vivos trust by transferring certain property to himself and S. Lewis Hutcheson as trustees (See Exhibit D to the complaint). The portions of the trust relevant to the issue now before the Court were as follows:

"First: * * *

"(b) This trust shall in no event terminate until the expiration of eighteen (18) months after the death of the grantor . . .

"(c) The beneficiaries of this trust shall be grantor's wife, Hazel Montague Hutcheson, grantor's children, the issue of any child of grantor who may die while this estate remains in trust . . .

\* \* \*

"Third: (a) The entire trust estate shall be held in trust for the life of grantor's wife, HAZEL MONTAGUE HUTCHESON, and the annual net income therefrom shall be paid to the said Hazel Montague Hutcheson in convenient periodical payments for and during her natural life.

"(b) Upon the death of the said Hazel Montague Hutcheson, the trust estate shall be apportioned in equal shares to grantor's children. . .

\* \* \*

Fifth: As to all or any portion of this trust estate accruing hereunder to or for the use of any daughter of grantor upon or after the death of the said Hazel Montague Hutcheson, the same shall continue in trust and so much of the net income therefrom as in the discretion of the trustees shall be deemed advisable, shall be used for the maintenance, support and education of such daughter until she shall attain the age of twenty-one (21) years. After such daughter has attained the age of twenty-one (21) years, her portion of the trust estate shall continue in trust for and during her natural lifetime. . ."

The trust agreement provides for the distribution of income in accordance with its terms to the grantor's children. Provision is also made in a rather complex manner for distribution of the corpus of the trust either to children, grandchildren or heirs, but in each instance "subject to the provisions of paragraph First (b)," that is, in no event is the corpus to be distributed sooner than 18 months after the death of the grantor.

There were four children born of the marriage of John L. Hutcheson, Jr. to Hazel Montague Hutcheson, being John L. Hutcheson III, W. Frank Hutcheson, Theodore M. Hutcheson and Hazel H. Meadow. Hazel Montague Hutcheson died on March 28, 1952, at which time the trust was construed to have the then surviving four children as beneficiaries and the income was apportioned accordingly. A subsequent marriage of John L. Hutcheson, Jr. resulted in the birth of a daughter, Marion Housch Hutcheson, Jr. on November 30, 1954. The grantor and all five children are presently surviving. The fifth child, Marion Housch Hutcheson, Jr., has never shared in the trust. By affidavit she states that she was unaware of the existence of the trust until the filing of this lawsuit. By deposition the grantor, John L. Hutcheson, Jr., states that her omission from sharing in the trust since her birth following the death of his first wife is an oversight on the part of the trustees. Upon this state of the record the single issue for determination by the Court is whether Marion Housch Hutcheson, Jr. is a beneficiary of Trust No. 1128.

■■ An initial problem to be confronted is one of conflicts of law, that is, whether the Court should look to the law of the State of Tennessee or to the law of the State of Georgia as the substantive law to follow in construing the trust agreement now before the Court. It is conceded that all factors significant to the legal issue here presented are concentrated in these two states. While a majority of beneficiaries are residents of Rossville, Georgia, and none are residents of Tennessee, it further appears that the grantor of the trust was a resident of Tennessee at the execution of the trust, that the trust was executed in Tennessee and that the trust is being administered by a Tennessee banking corporation. Furthermore, the trust agreement makes reference in certain parts to Tennessee law and that of no

other state, giving some indication of an intention on the part of the grantor that the agreement be construed in accordance with the law of Tennessee. The Court is accordingly of the opinion that the more significant contacts are with the State of Tennessee and further that the trust agreement reflects an intention on the part of the grantor that it be construed in accordance with the law of Tennessee. The rule to be followed in this regard is stated in the case of Moody v. Kirkpatrick, 234 F.Supp. 537:

> "Problems in conflicts of laws must be resolved by the application of the conflicts rules of that state. Tennessee follows the general rule that the validity of a contract and the substantive rights of the parties to it are to be governed by the law which the parties intended. In the absence of a manifestation of contrary intention, the parties are presumed to have contracted pursuant to the laws of the state in which the contract was entered into. Deaton v. Vise, 186 Tenn. 364, 210 S. W.2d 665 (1948)."

See also Restatement of Conflicts of Law, 2d Ed., § 268 (1971). Further, it appears conceded that the law of Tennessee and the law of Georgia are substantially identical as relates to the issue here involved, rendering the conflicts issue of little relevance.

■■ Turning to the principal issue in the lawsuit, that is, whether Marion Housch Hutcheson, Jr. is a beneficiary under the trust along with the other four children of John L. Hutcheson, Jr., the Court is confronted with the problem of construing the trust agreement. The problem is basically one of ascertaining the intention of the grantor from the face of the agreement, if that intention properly appears thereon, or otherwise applying relevant rules for ascertaining the grantor's intention where the intention does not appear with sufficient clarity upon the face of the trust instrument. In this connection it may be noted that the law of wills may be looked to in the construction of trust agreements and with reference to deter-

mining the grantor or settler's intention therein. See Marks v. Southern Trust Co., 203 Tenn. 200, 310 S.W.2d 435 (1958).

■ It should be noted at the outset that the trust agreement designates the beneficiaries simply as "the children" of the grantor or more correctly as the "grantor's children". No attempt to limit, restrict, or otherwise define this designation of the beneficiaries is contained in the agreement. No attempt is made to designate the children by name, number, date of birth, age, sex, whether born or unborn, or other limiting factors. Nor is the marriage of which they are born stated to be a limiting factor. Rather, the trust agreement in its various parts refers simply to the "grantor's children" [see paragraphs First (c) and Third (b)] or "any son of the grantor" [see paragraph Fourth] or "any daughter of the grantor" [see paragraph Fifth] or "any child" [see paragraph Seventh]. The designation "children" without restriction or limitation is normally interpreted to include every child born to the grantor of a lawful marriage. Hoggatt v. Clopton, 142 Tenn. 184 at 197, 217 S.W. 657; Restatement of the Law of Property, Vol. 3, §§ 285–290; Simes Law of Future Interests, 2d Ed. p. 217.

■ Having said this, one might properly ask wherein lies the problem in the present case. It might be said that the problem arises from one or more of the following four sources. The first source of any problem is that the daughter now seeking to be included as a beneficiary of the trust was born after the execution of the trust agreement. However, this appears to present no problem to any litigant, nor does it present one to the Court. It is undisputed that Hazel H. Meadow, the first daughter of the grantor, was born after the execution of the trust agreement, and yet it is conceded by all that she is to be included as a beneficiary of the trust. This is conceded by those opposing the second daughter's claim upon the ground that the

first daughter was born of the grantor's first marriage and prior to the death of the life beneficiary, Hazel Montague Hutcheson. However, it should be noted that the trust agreement makes no such reference and states no such requirement on its face. The trust agreement gives no indication of any intention to exclude children born after the execution of the agreement.

In the second place, it might be, and in fact is, contended that the problem in the present case arises from the fact that Marion Housch Hutcheson, Jr. was not born of grantor's marriage to Hazel Montague Hutcheson, but was born of a second marriage of the grantor, thus distinguishing her from the four children born of the first marriage. The falacy with this contention is simply that those disputing the second daughter's right to be a beneficiary seek to make a distinction not made on the face of the trust agreement. As stated, the trust agreement simply identifies the beneficiaries as the "grantor's children". Any lack of certainty in this regard must lie elsewhere.

 Another possible source of uncertainty or contended uncertainty in the grantor's intent regarding beneficiaries is the fact that the trustees, including the grantor when he served as a trustee, have at all times since the death of the life beneficiary, Hazel Montague Hutcheson, interpreted the trust agreement as designating the children living at that time as being the beneficiaries and have administered the trust accordingly. It is on the basis of this "practical construction" that it is contended that an intent to exclude the second daughter may be found. While that which has been done by the trustees over a period of years may have some relevance and weight as denoting a practical construction where the intention of the grantor is doubtful, the rule regarding practical construction is not to be followed where the intent is not in doubt, nor is an erroneous construction to be adopted because of its age. As stated by Couch in his work upon "In-

surance," and with regard to the construction of insurance policies,

"Where the parties have, by certain acts of their own, placed a construction on *doubtful terms* of a contract of insurance, this construction generally will be adopted by the Court as against them. . . However, if the contract is clear and unambiguous, its interpretation is for the Court, and not for the parties, even though they by their actions may have evidenced a construction different from that evidenced by the written instrument . . . In any case, the Court is not bound by wrong construction placed by a party upon plain and unambiguous terms in the policy." Couch On Insurance, 2d Ed., § 15:12.

See also United States v. Merriman, 172 F.2d 765 (C.A. 6, 1958); Womble v. Walker, 181 Tenn. 246, 181 S.W.2d 5 (1944); College of Bishops v. Vanderbilt University, 129 Tenn. 279, 164 S.W. 1151 (1913); Garner v. American Home Assurance Co., 460 S.W.2d 358 (Tenn.Ct. of App. 1969). See also 54 Am.Jur., "Trusts" § 17. Until some ambiguity or doubtful intent is made to appear on the face of a trust agreement, the doctrine of practical construction relied upon by those opposing the second daughter's participation in the trust is of no relevance. Neither of the matters heretofore discussed has been found to give rise to any such ambiguity in the grantor's intent. The contentions regarding practical construction will accordingly be passed at this point until the Court has considered the one remaining source of possible ambiguity in the case. Should it then be appropriate, the Court will return to consider the significance of the construction heretofore placed upon trust agreement by the trustees.

 Finally, it is contended that uncertainty or ambiguity in the grantor's intent arises from those provisions of the trust agreement which grant beneficial interest in the trust to the grantor's children upon the death of the life beneficiary, Hazel Montague Hutcheson.

For example, for further evidence of ambiguity the language of paragraph Fifth of the Trust Agreement is cited wherein it is stated that the trustees shall have discretion to distribute to any daughter of the grantor the income from "any portion of this trust estate accruing hereunder to or for the use of any daughter of grantor upon or after the death of the said Hazel Montague Hutcheson. . ." Rather than creating an ambiguity, this provision would appear to confirm that the grantor intended that each surviving child (daughter) should share in the trust regardless of whether her interest in participation arose "upon or after" the death of the life beneficiary.

More specifically, it is contended that an intent to "close" the class of beneficiaries at the death of the life beneficiary and vest equal shares in the then surviving children may be inferred from the following language in the trust agreement at paragraph Third (b):

"Upon the death of the said Hazel Montague Hutcheson, the trust estate shall be apportioned in equal shares to grantor's children, . . ."

Here we arrive at the heart of the controversy in this lawsuit, namely, whether the foregoing language, together with other provisions regarding distributions to beneficiaries following the death of the life beneficiary evidence an intent on the part of the grantor, as of the time of the execution of the trust agreement, to limit the beneficiaries to those children, and only those children, of his who were surviving at that point in time. In short, do the provisions for distribution of income to the grantor's children commencing at the death of the first wife evidence an intent on the part of the grantor to exclude children born to the grantor thereafter? As stated in legal terminology, does such fact evidence the grantor's intent to "close" the class of beneficiaries at that point in time?

It may be noted that certain provisions are made for distribution of the corpus of the trust, as distinguished from the income, but in each instance distribution of the corpus is made "subject to the provisions of paragraph First (b)," that is, delayed until 18 months after the death of the grantor. It is quite apparent that the grantor intended that no distribution of the corpus of the trust should in any event be made until the possibility of his having further children was precluded by his death. Accordingly, whatever ambiguity may arise by reason of the provisions for distribution of income following the death of the life beneficiary, the Court may properly look to any relevant rules of construction developed in that category of the law generally referred to as class gifts, for it is conceded by all parties that the gift to the grantor's children here involved is a class gift, as that category of gift is defined in the law of Tennessee as well as elsewhere. See Sanders v. Byrom, 112 Tenn. 472, 79 S. W. 1028 (1903); Tate & Tate v. Tate, 126 Tenn. 169, 148 S.W. 1042. See also Restatement of the Law of Property, § 279 et seq.; Simes Law of Future Interests, 2d Ed., pp. 204, et seq.; 57 Am. Jur., "Wills" §§ 1256, et seq.

The provision for the discretionary distribution of income following the death of the life beneficiary would appear to present no problem requiring that the class of "children" who are to become beneficiaries be "closed" as of the date that income distribution became a possibility. Where distribution of income only is involved, there is no obstacle, nor even a real inconvenience, in allowing the class to remain open to those children born after the distribution of income begins but prior to a distribution of the corpus. It is the date for the distribution of the corpus that presents the obstacle to further leaving of the class open. Thus, as stated in Simes, Law of Future Interests, 2d Ed. at p. 211:

"Suppose a testator devises the residue of his estate on trust to pay the income to A for his life, and then to pay the income to the children of B for their respective lives. Here there is no reason to close the class at the

death of A. Each distribution of income can be made to the children of B living at that time. Therefore, the class will remain open until the death of B. . . ."

Thus, the provision in the trust agreement for the commencement of income distribution at the death of the life beneficiary does not render ambiguous the otherwise clear and unambiguous intent of the grantor to designate all of his children, whenever born and to whatever marriage born, eligible to become beneficiaries under the trust.

The Court is of the opinion that the trust agreement involved in Trust No. 1128 expresses a clear and unambiguous intent to include the grantor's second daughter, Marion Housch Hutcheson, Jr., as a beneficiary therein along with the four other children of John L. Hutcheson, Jr.

A final judgment will enter accordingly.