D. Elizabeth Featherston, Jackson, Miss., and John W. Boling, Meridian, Miss., for defendants.

### GULF INSURANCE COMPANY, Plaintiff,

v.

### Frank LLOYD, Jr., Shirley J. Lloyd, Mary Alice Bady and Quillar Bady, Defendants.

#### Civ. A. No. E85–0122(L).

United States District Court,
S.D. Mississippi, E.D.

July 29, 1986.

## ORDER

TOM S. LEE, District Judge.

This cause came before the court for trial. The court, having considered testimony and exhibits offered at trial and argument of counsel, makes the following findings of facts and conclusions of law.

On January 15, 1983, Frank Lloyd, Jr. was employed as the manager of the Star Disco in Meridian, Mississippi. His responsibilities included collecting cover charges and protecting the money throughout the evening. The cover charge at the Star Disco was $2.00 per person and, during the holiday season, Lloyd often collected several thousand dollars in one evening. Because of the large amounts of money he had in his possession during that time, he bought a gun and, without the permission or knowledge of his employer, he began carrying it to work.

By January 15, 1983, the holidays with their accompanying large crowds had passed, and on that evening, only about seventy people were at the Disco. Lloyd was collecting cover charges and approached John Bady, thinking that Body had gained admission without paying the charge. Bady cursed Lloyd and, after some conversation, hit Lloyd, knocking him back two to three feet. When Bady grabbed Lloyd's neck, Lloyd went for his gun and had it in his hand when both men fell to the floor. The gun discharged,

striking Bady who subsequently died from the gunshot wound.[1]

On January 13, 1984, suit was filed by Mary Alice Bady, John Bady's mother, against Lloyd and others in the Circuit Court of Lauderdale County, Mississippi for the wrongful death of John Bady. Lloyd, through his attorney, notified Gulf Insurance Co. (Gulf) of the claim, contending that it was covered by his homeowner's insurance policy, No. 1109635, issued to Lloyd and his wife, Shirley Lloyd. Gulf thereafter initiated this suit for declaratory judgment, basing jurisdiction on diversity of citizenship and seeking adjudication of its rights and duties under the policy. All defendants were served with process; Mary Alice Bady and Quillar Bady answered timely but Frank Lloyd, Jr. and Shirley Lloyd did not respond.

Gulf contends that the claim is expressly excluded from coverage under the policy which provides in pertinent part:

'occurrence' means an accident, including injurious exposure to conditions, which results, during the endorsement period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

The Mississippi Supreme Court has not ruled on the issue presented here but has interpreted similar policy language in *Allstate Insurance Co. v. Moulton*, 464 So.2d 507 (Miss.1985). In that case, Mrs. Moulton swore out a complaint against Anthony Walls, stating that he had stolen her dog. Walls was arrested but the charge was dismissed following trial. Walls subsequently initiated suit against Moulton for malicious prosecution. Moulton notified Allstate that she expected the company to defend her under her comprehensive dwelling policy issued by Allstate. The policy obligated the insurer to defend the insured against any suits seeking damages caused by an "occurrence." "Occurrence" was defined by the policy exactly as that term is defined in the Gulf policy.

In a declaratory judgment action brought by Allstate, the lower court determined that the insurer was obligated to defend and indemnify Moulton. On appeal, the Mississippi Supreme Court addressed the question of whether malicious prosecution is the type of "occurrence" contemplated by the policy. *Allstate*, 464 So.2d at 508. The heart of the controversy, according to the court, was "whether this court will interpret the word 'accident' as referring to Mrs. Moulton's actions [in] swearing out a complaint that Anthony Walls had stolen her dog or whether 'accident' refers to the consequences of that act." *Id.* at 510. The court found that Mrs. Moulton intended to swear out the complaint and that she also intended for Walls to be arrested; Walls' resulting humiliation and embarrassment, even though perhaps not originally anticipated or intended by Mrs. Moulton, was a consequence of her actions. Noting that the policy unequivocally required interpretation "[f]rom the standpoint of the Insured," the court concluded that the term "accident" referred to "Mrs. Moulton's actions and not whatever unintended damages flowed from that act."

In this case, it is clear from Lloyd's testimony that he intended to draw his gun. Applying the reasoning of *Moulton*, the killing of Bady, although perhaps an unintended result, cannot be characterized as an "accident" or "occurrence" within the meaning of the policy.

The Mississippi Supreme Court has also held, in a line of criminal law decisions, that "a person is presumed to intend that which he does, or which is the natural and necessary consequence of his act." *See, e.g., Johnson v. State*, 461 So.2d 1288, 1293–94 (Miss.1984). In *Tillman v. State*, 225 Miss. 275, 83 So.2d 86, 89 (1955), the court specifically held that "the use of a deadly weapon by the accused in a case of assault and battery is prima facie evidence of an intent to kill." Therefore, under *Tillman* and *Johnson*, applicable by analogy

---

**1.** Lloyd subsequently pled guilty to manslaughter in connection with Bady's death in the Circuit Court of Lauderdale County, Mississippi.

to this civil case, Lloyd's killing of Bady would not be considered an "accident" or "occurrence" under the policy. This court is therefore, of the opinion that, if confronted with this issue, the Mississippi Supreme Court would hold that Lloyd's killing of Bady does not constitute an "occurrence" under the policy and that Gulf has no responsibility with regard to the resulting suit filed against Lloyd.[2]

It is, therefore, ordered that judgment be entered in favor of plaintiff on its complaint.

---

2. Gulf also contends that the policy is not applicable under the business pursuit exclusion and under the requirement of timely notice. The court does not address these arguments since it finds that Gulf is relieved of responsibility under the policy for other reasons.