VIRGINIA INSURANCE RECIPROCAL,
Plaintiff,

v.

FORREST COUNTY GENERAL HOSPITAL and Charles A. Hancock, Defendants.

No. 2:91–124(P)(N).

United States District Court, S.D. Mississippi, Hattiesburg Division.

March 1, 1993.

Douglas Levanway, Jackson, MS, for plaintiff.

Larry Norris, Dan Sutherland, Hattiesburg, MS, for defendants.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter is before the Court on Motion for Summary Judgment filed on behalf of the Plaintiff. The Court, having reviewed the motion, responses, rebuttal, the authorities cited and being otherwise fully advised in the premises finds as follows, to-wit;

The Plaintiff filed this declaratory relief action requesting the Court to construe what Plaintiff has characterized as a pure question of law as to the applicability of insurance coverage regarding a complaint filed in state court by Hancock against Plaintiff's insured, Forrest County General Hospital, and others.

The state court suit arose out of an automobile accident in which Hancock was injured. Hancock was transported to Forrest General in an unconscious state after the accident. His mother executed an assignment to Forrest General for all monies Hancock might receive. However, Hancock was above the age of minority at that time. At a subsequent time, a settlement was worked out regarding the accident at which time Forrest General asserted its assignment to Hancock's portion of the proposed settlement, thereby dissolving the proposed settlement. Alleging that Forrest General knowingly interposed an invalid assignment, Hancock then filed his action in state court against Forrest General, as well as the other motorist involved in the accident, Daniel D. Sumrall and Farm Bureau Insurance Company, who insured Sumrall.

Forrest General made demand on Plaintiff to defend it in the state court action. Plaintiff has tendered a defense to that action under a reservation of rights and an express disclaimer of coverage under the policy of insurance. Subsequent to the filing of this declaratory action, the state court suit was settled in part.

The major issue confronting the Court is the determination of whether or not the action of Forrest General in interposing its assignment which dissolved the original settlement was an "accident" within the terms of the policy which inflicted whatever bodily injury Hancock is alleged to have suffered as a result of that original settlement falling through.

Under the terms of the subject policy, in order for there to be coverage, there must be an "occurrence", which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Accident is not defined anywhere in the policy or from whose perspective "accident" is to be viewed.

■ The law in Mississippi is that if "accident" is not defined in the policy, whether or not the incident in question was in fact an "accident" is to be viewed from the standpoint of the injured party. *See Georgia Casualty Co. v. Alden Mills*, 156 Miss. 853, 127 So. 555 (1930) and *E.E.O.C. v. Southern Pub. Co., Inc.*, 705 F.Supp. 1213 (S.D.Miss.1988).

■ However, when "accident" is defined in the policy and is limited to being viewed from the standpoint of the insured, Mississippi courts, and those construing Mississippi law, have determined that one must look to the original act itself rather than to the results of the act, whether intended or not, to determine if the injury resulting from the act was an accident. *See Berry v. McLemore*, 795 F.2d 452 (5th Cir.1986); *USF & G v. T.K. Stanley, Inc.*, 764 F.Supp. 81 (S.D.Miss. 1991); *Gulf Ins. Co. v. Lloyd*, 651 F.Supp. 518 (S.D.Miss.1986); and *Allstate Ins. Co. v. Moulton*, 464 So.2d 507 (Miss.1985). Whether the results were intended or not, if the original act was intended, then there is no accident.

It is black letter law that ambiguous terms in an insurance contract are to be construed most strongly against the preparer, the insurance company. The decisions cited above take policy language which says that an occurrence, or accident, means "bodily injury or property damage neither expected nor intended from the standpoint of the insured" and interpreted this phrase to mean that coverage is to be determined by whether the "insured" intended the underlying act that causes an injury, not whether the insured intended the injury. That is not what the policy language says. Such policy language clearly states that there is coverage if "bodily *injury* or property *damage* neither expected nor intended from the standpoint of the insured" occurs. This language in these policies has nothing to do with whether the original underlying act was or was not intended. The words "not intended" relate to the words "injury" or "damage" not to the

underlying cause. This Court does not understand how these cases ignore the well established law that ambiguous terms in policies of insurance are to be construed against the insurer, but they do, and this Court will, under *Erie* follow their precedence. There certainly are valid public policy reasons not to provide coverage where an insured commits a willful, intentional wrongful act. This policy has no bearing, however, in a situation in which a party commits a willful act that has unexpected results.

■ These type "general liability policies", which are usually labeled as such, are generally viewed by those purchasing them as covering them for excess or unexpected liability for actions or inactions on their part or by their employees. To limit such coverage with a technical definition of "accident" or "occurrence" to wholly ignore the resulting harm caused by an act, based on the policy definitions at issue here, does not seem appropriate. However, this Court is *Erie* bound to follow the decisions of the Mississippi Supreme Court in this diversity case.

While the policy at issue here did not define "accident" it does contain the following exclusion:

This insurance does not apply ·to:

(a) "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

■ This exclusion contains almost identical language relied on in the above cited cases to find no coverage.[1] While this is in the exclusions part of the policy and not in the definitional part, the Court is of the opinion that the same result must be reached regarding the ultimate question of whether or not Forrest General had coverage for the alleged wrongs inflicted on Hancock.

It is the opinion of the Court that the policy language contained in the exclusion referenced above mandates a finding of no coverage for Forrest General for the dam-

1. The language in *Moulton* was " 'occurrence' means an accident ... which results ... in bodily injury or property damage neither expected nor intended from the standpoint of the insured;" and the language in the present case is as above. The language in *Moulton*, which is in the definitional section of the policy, is stated in the positive while the language in the policy under consideration is contained in the exclusions section of the policy and is stated in the negative. Otherwise, the language is the same.

ages asserted by Hancock allegedly resulting from Forrest General's wrongful acquisition and interjection of the assignment of benefits.

■ This finding of no coverage does not equate to a finding of no duty to defend. Indeed, as the Plaintiff has pointed out, it is defending Forrest General in the State court action under a reservation of rights. Plaintiff has further represented that it will continue that representation until that suit is resolved. Thus, it is not necessary for this Court to decide the duty to defend issues presented by Forrest General.

■ The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin,* 736 F.2d 175, 178 (5th Cir.1984).

■ The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods,* 687 F.2d 117 (5th Cir.1982). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111, 114 (5th Cir.1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.,* 672 F.2d 436 (5th Cir.1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by

affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods,* 687 F.2d at 119.

The Court finds that there is no genuine issue of material fact to be resolved and having resolved the appropriate questions of law, the Court finds that Plaintiff is entitled to the declaratory relief sued for and that its Motion for Summary Judgment should be GRANTED.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment is GRANTED and that this action is hereby DISMISSED.

IT IS FURTHER ORDERED AND ADJUDGED that the policy of liability insurance issued by Plaintiff to Forrest County General Hospital provides no coverage for the damages alleged to have been suffered by Defendant Hancock in his State court action, as a result of the alleged wrongful acts of Forrest County General Hospital.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED.