In May 1991, Steven Gwin and his wife Jan Gwin sold two properties to Michael Dobson and his wife Wanda Dobson. The dwellings on the properties were insured by State Farm pursuant to two policies issued to the Gwins in August 1990. On the date of the closing of the sale transaction, the Gwins' insurance on the properties ceased and State Farm transferred their coverage to the duplex into which they moved following the sale.
After the sale of the properties, the Dobsons discovered that the home located on one of the properties was infested with termites, that the roof leaked, and that the electrical wiring in the home was defective. They sued Terminex pest control company, which had treated the property for termite damage when it was owned by the Gwins, and the Gwins, alleging fraud and misrepresentation. Thereafter, State Farm filed this declaratory judgment action in order to determine whether it had an obligation to defend or indemnify the Gwins with regard to the lawsuit filed against them by the Dobsons.
The trial judge denied State Farm's motion for a summary judgment, but entered a summary judgment for the Gwins. State Farm appeals; we reverse.
The language of the policy states:
"SECTION II — LIABILITY COVERAGES
 "If a claim is made or suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
 "1. pay up to our limit of liability for the damages for which the insured is legally liable; and
 "2. provide a defense at our expense by counsel of our choice. . . ."
The policy further defined "occurrence" as follows:
 "an accident, including exposure to conditions, which results in:
"a. bodily injury; or
"b. property damage
 "during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one occurrence."
"Property damage" was defined as
 "physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by an insured is not considered to be property damage."
"Section I and Section II — Conditions" stated as follows:
 "1. Policy Period. This policy applies only to loss under Section I or bodily injury, personal injury, or property damage under Section II which occurs during the period this policy is in effect.
 "2. Concealment or Fraud. This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss."
The trial court determined that State Farm, as a matter of law, was required to defend and indemnify the Gwins in the lawsuit filed against them by the Dobsons. The trial court found that the "occurrence" prompting the lawsuit had occurred while the policy was in effect.
State Farm contends that this case is controlled byUnited States Fidelity Guaranty Co. v. Warwick DevelopmentCo., 446 So.2d 1021 (Ala. 1984), wherein this Court *Page 428 
held that there had been "no 'occurrence' within the definition of 'occurrence' found in the pertinent policy provisions." Id., 446 So.2d at 1023. We stated:
 "We cannot agree with the argument set forth by the Adamses that 'a reliance upon the misrepresentations' made by Warwick constitutes an occurrence within the language of the policy. Further, we agree with USF G that if a misrepresentation were an 'occurrence' within the definition of the policy then 'any misrepresentations in this case would not be an "occurrence" which caused "property damage" as required to support liability under the policy.' 'Property damage' is defined in the policy as follows:
 " '(1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or
 " '(2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.'
 There was no evidence in this case that a misrepresentation by Warwick caused physical injury to or destruction of tangible property. For property damage to come under the coverage of USF 
G, there must have been an 'occurrence' within the definition of the policy. A majority of courts have held that in order to have liability under the terms of such a policy the 'occurrence' must arise during the policy period, for it is the insurance that is in force at the time of the property damage that is applicable rather than insurance that was in force when the work was performed. See, e.g., Deodato v. Hartford Ins. Co., 143 N.J. Super. 396, 363 A.2d 361 (1976); Singsaas v. Diederich, 307 Minn. 153, 238 N.W.2d 878 (1976); Oceanonics, Inc. v. Petroleum Distributing Co., 280 So.2d 874
(La.Ct.App. 1973), aff'd, 292 So.2d 190 (La. 1974). USF G also asserts, and we agree, that 'as a general rule the time of an "occurrence" of an accident within the meaning of an indemnity policy is not the time the wrongful act was committed but the time the complaining party was actually damaged.' Muller Fuel Oil Co. v. Insurance Company of North America, 95 N.J. Super. 564, 232 A.2d 168
(1967), quoted in Deodato v. Hartford Ins. Co., 363 A.2d at 365. See also Annot., 57 A.L.R.2d 1385. By adopting this view, we necessarily overrule Wixom Brothers Co. v. Truck Insurance Exchange, 435 So.2d 1231 (Ala. 1983)."
446 So.2d at 1023-24. See also Langley v. Mutual Fire, Marine Inland Insurance Co., 512 So.2d 752, 757-58 (Ala. 1987), for a discussion of Warwick Development.
Pursuant to the reasoning in Warwick Development, we must conclude that any alleged misrepresentations made by the Gwins did not cause the property damage of which the Dobsons complainand that any emotional distress related to the alleged misrepresentations would have occurred after the termination of the policy. Thus, the trial court erroneously entered the summary judgment for the Gwins; it should have entered a summary judgment for State Farm.
REVERSED AND REMANDED.
MADDOX, SHORES, KENNEDY and BUTTS, JJ., concur.