**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff,**

v.

**Thomas A. BREWER and Ida Elizabeth Brewer, Defendants.**

Civil Action No. 2:95–CV–00004.

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Jan. 31, 1996.

Chris H. Deaton, Dana Gail Deaton, Webb, Sanders, Deaton, Balducci & Smith, Tupelo, MS, for plaintiff.

Robin L. Roberts, Robin L. Roberts, Hattiesburg, MS, for defendants.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter is before this Court on Plaintiff's Motion for Summary Judgment regarding whether Plaintiff has a duty to defend and/or indemnify Defendants in a pending state court action and Defendants' Cross Motion seeking this Court's ruling that State Farm is so obligated. The Court, having reviewed the briefs of the parties, the authorities cited, and being otherwise fully advised in the premises, finds as follows, to-wit:

### I. FACTUAL BACKGROUND

On November 3, 1992, Thomas A. and Ida Elizabeth Brewer entered into a contract to sell their home at 1110 Old Richton Road, Petal, Mississippi to William Massey, II. Closing was scheduled to take place on December 14, 1992; however, the closing actually took place on December 18, 1992. On December 15, 1992, Morris Pest Services, Incorporated issued an Insect Report indicating that the subject property was free of termite damage.

At the time the Brewers entered into the contract to sell, Thomas Brewer was the named insured under a homeowner's policy of insurance issued by State Farm Fire and

Casualty Company. Policy number 24–68–2883–6 provided dwelling and personal property coverage as well as personal liability coverage. On December 31, 1992, the Brewers requested the cancellation of said policy as of the scheduled closing date, December 14, 1992. The policy was canceled as requested and a premium refund was forwarded to the Brewers' new address.

Shortly after they took occupancy, the Masseys learned that the home they had purchased was in fact infested with termites. The Masseys sued the Brewers in state court, alleging both negligent and intentional misrepresentation, fraud and rescission as theories of recovery. The Brewers contacted their insurer and State Farm undertook the defense of the suit under a reservation of rights.

State Farm filed this action in federal court in January 1995 seeking a declaratory judgment as to its duty to defend and/or indemnify the Brewers in the underlying state court action. State Farm now seeks summary judgment on the same issues; Defendants would have this Court rule in their favor on the Cross–Motion for summary judgment.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis* 799 F.2d 218, 222 (5th Cir.1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality' only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Co. v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light more favorable to the nonmoving party. *McPherson v. Rankin,* 736 F.2d 175, 178 (5th Cir.1984).

The moving party has the duty to demonstrate the lack of genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods,* 687 F.2d 117 (5th Cir.1982). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111, 114 (5th Cir.1978). In other words, the "nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Litig.,* 672 F.2d 436 (5th Cir.1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *see also Union Planters Nat'l Leasing v. Woods,* 687 F.2d at 119.

## III. LEGAL ARGUMENTS

### A. Duty to Indemnify

State Farm asserts a number of arguments in support of its contention that the

underlying state court action falls outside the scope of coverage afforded by the Brewers' homeowners policy. This Court chooses to rely on just one as the basis for its ruling, that is, State Farm's argument that the Massey's underlying complaint is not for property damage.

The subject policy provides the Brewers with $100,000 liability coverage for "claim[s] made or ... suit[s] brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence" for which the insured is legally liable. Thus, before the personal liability coverage of the subject policy is properly invoked in this particular case, the insured must show that the suit is one 1) for property damage 2) caused by an occurrence 3) for which the insured is legally liable. It is the first element which concerns us here today. Property damage is defined within the policy as "physical damage to or destruction of tangible property, including loss of use of this property."

State Farm maintains that the misrepresentations and/or fraud alleged in the Massey's underlying complaint do not provide the requisite foundation for a claim for damages *because of* bodily injury or property damage. State Farm asserts that at the very most, any damages suffered by the Massey's were of a pecuniary nature—that is, those which relate to the loss of the benefit of their bargain and the diminished value of a home infested with termites. In addition, Plaintiff cites numerous instances in which other jurisdictions have refused to find coverage under similar circumstances. *See Safeco Insurance Co. of America v. Andrews,* 915 F.2d 500 (9th Cir.1990); *Allstate Ins. Co. v. Morgan,* 806 F.Supp. 1460 (N.D.Cal.1992); *Allstate Ins. Co. v. Chaney,* 804 F.Supp. 1219 (N.D.Cal.1992); *Allstate Ins. Co. v. Hansten,* 765 F.Supp. 614 (N.D.Cal.1990); *State Farm Fire and Cas. Co. v. Gwin,* 658 So.2d 426 (Ala.1995); *Devin v. United Services Automobile Assoc.,* 6 Cal.App.4th 1149, 8 Cal. Rptr.2d 263 (1992); *Dixon v. National American Ins. Co.,* 411 N.W.2d 32 (Minn. 1987); *Qualman v. Bruckmoser,* 163 Wis.2d 361, 471 N.W.2d 282 (1991). These cases are virtually unanimous in their holdings that damages flowing from misrepresentation and/or fraud have no basis in property damage; rather, the only cognizable damages from such torts are economic and contractual in nature and as such do not fall within the scope of coverage afforded by policies like that of the Brewers.

Defendants rebut with the assertion that the Massey's complaint indeed states a claim for damages because of property damage: they point to the fact that the Masseys complain of a home irreparably damaged by termites and urge this Court to find that the policy affords them protection. They answer Plaintiff's argument to the contrary as "misplaced reliance" on the law of foreign jurisdictions; however, Defendants cite no authority which finds coverage in a similar situation.

■ The issue before the Court today is one of first impression in this state. However, other jurisdictions have ruled on the issue and the Court finds the reasoning of those Courts persuasive as to this issue. Furthermore, independent research on the part of the Court leads to the conclusion that there are no cases directly on point which allow coverage in circumstances such as these. Nevertheless, if this Court had the authority, it would certify this question to the Mississippi Supreme Court since that Court has not ruled on this precise issue. The State Court is the Court with the responsibility and authority to decide questions of state law. However, when the Mississippi Supreme Court has not spoken, this Court is *Erie* bound to guess what the Mississippi Supreme Court would do if presented with this question.

■ It is the judgment of this Court that the underlying state court action does not involve a claim for property damage within the meaning of the policy at issue. Rather, the Masseys' claims sound in negligent and intentional misrepresentation and fraud. The damages which stem from such actions are pecuniary by their very nature. While it is true that the termite damage is clearly property damage, it is not damage for which Defendants are legally liable. The alleged misrepresentation of Defendants did not

cause property damage. The termites caused the property damage.

There is a fundamental problem with Defendants' position. There is no proximate cause between the alleged misrepresentation which forms the basis for the underlying suit and the termite damage. The termite damage occurred prior to the alleged misrepresentation. If the termite damage had not already occurred, there could not have been a misrepresentation. The damage from the misrepresentation could not be the termite damage which had already occurred. For damages to be recoverable under the policy, the damages must be damages "for which defendant is legally liable." Thus, Plaintiff is under no duty to indemnify Defendants in the event they are found liable in the pending state court proceedings.

## B. Duty to Defend

■ Also at issue is the Plaintiff's duty to defend the Brewers in the pending state court action. Both sides point out the well-settled rules that an insurer's duty to defend is broader than the duty to indemnify and that the duty to defend is determined by looking at the allegations as stated in the plaintiff's complaint. *Jones v. Southern Marine & Aviation Underwriters*, 739 F.Supp. 315 (S.D.Miss.1988). Furthermore, only where "a plaintiff's allegations against an insured are unequivocal with regard to claiming injury or damages caused by acts which, if proved, would place his claim within an exclusion from coverage, [is there] no duty to defend." *Id.* at 324. An examination of the Massey's complaint clearly reveals that the theories of recovery alleged by the plaintiffs relate entirely to the alleged misrepresentation. In as much as the allegations of the complaint unequivocally demonstrate no circumstances under which the policy would afford coverage, Plaintiff is entitled to summary judgment and is under no continuing duty to provide a defense to the Brewers in the pending state court action.

## C. Resulting Loss

Defendants also assert that the Plaintiff arguably has a duty to indemnify the insureds under that part of the policy labeled SECTION I—LOSSES NOT INSURED. They point to language in the exclusion for damage caused by insects which states: "we *do* insure for any resulting loss from [insects] unless the resulting loss is itself a Loss Not Insured by this Section." (Emphasis added.) This term may be ambiguous and consequently could conceivably provide coverage for the termite loss. However, that would be under Section I which deals directly with the dwelling house that was insured and not with Section II which deals with personal liability. As the issues are framed at the present time, that question is not before this Court. The Court is expressing no opinion as to whether there might be coverage because of this possible ambiguity.

## D. Other Defenses

Even if this Court had not concluded that there is no duty to defend or indemnify for the reasons set out above, there are a number of other defenses raised by Plaintiff that might well bar coverage in this situation. Certainly, if the plaintiffs in the underlying action prove wilful misrepresentation, that is expressly excluded from the policy. Defendants are right in contending that, in the appropriate circumstance negligence could be insured under the personal liability section of the policy. However, there is serious doubt as to whether the alleged misrepresentation would qualify as an occurrence under the holding of *Virginia Insurance Reciprocal v. Forrest County General Hospital and Charles A. Hancock*, 814 F.Supp. 535 (S.D.Miss.1993), an opinion written by this Court. In that opinion, this Court voiced its disagreement with controlling case law; but nevertheless this Court is *Erie* bound to apply the precedents of the Mississippi Supreme Court in determining what is and is not an occurrence as it was in that case. The question of the exclusion of property owned by an insured would also remain. These additional arguments of Plaintiff could well foreclose Defendants from relief or coverage, but since this Court has disposed of this case on the grounds previously indicated, it is not necessary for this Court to address these issues.

## 144

### E. Unfortunate Case

It is Hornbook law that ambiguous terms should be interpreted in favor of the insured; it is likewise Hornbook law that a court cannot so construe a policy as to create coverage where there is none. The Defendants in this case, the Brewers, face a potential loss. It is alleged that the home they previously owned is infested by termites. This Court does not know whether the termite damage was caused by the fact that the Brewers failed to treat the house or to have it regularly inspected, or whether someone had been treating the house and did not treat it properly. In any event, such a loss is unfortunate. The Masseys, if the allegations of their complaint are true, are now in possession of a home which is not worth as much as they thought it was when they bought it. If their allegations are correct, they have sustained a loss. All of this is unfortunate. Nevertheless, as pointed out by the Court, it cannot create coverage where there is none. This Court has been unable to locate a single case in which any court granted the relief sought by the Defendants in this case.

The Court would note that had the Brewers not sold the property and later discovered the termite damage, they would simply have a piece of property that was worth less than it was before the termite damage occurred, unless Section I affords coverage— portions of which the Court has already pointed out may be, but which the Court does not hold, ambiguous. In such event, the property of the sellers would have been diminished in value. What makes this case different is that the Brewers sold the home and it was not until after the sale that the alleged termite damage became an issue. This suit involves only the alleged misrepresentations at the time of sale.

IT IS, THEREFORE, ORDERED AND ADJUDGED, that Plaintiff's Motion for Summary Judgment on the issues of duty to defend and to indemnify should be and hereby is GRANTED. Defendants' Cross Motion for Summary Judgment on the same issues is hereby DENIED; the Court will enter a separate judgment to the same effect pursuant to Rule 58(j).

SO ORDERED AND ADJUDGED.