**SHELTER MUTUAL INSURANCE COMPANY Plaintiff**

v.

**Angela M. BROWN Defendant**

**No. 3:01–CV–482 WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

June 21, 2004.

Michael N. Watts, Robert B. Best, Holcomb Dunbar, P.A., Oxford, MS, for Shelter Mutual Insurance Company, plaintiff.

William Douglas Mann, Jr., Purdy & Germany, PLLC, Jackson, MS, for Angela M. Brown, defendant.

## *ORDER GRANTING MOTION FOR SUMMARY JUDGMENT*

WINGATE, District Judge.

Before the court is the plaintiff's motion for summary judgment filed pursuant to Rules 56(a)[1] and (c)[2] of the Federal Rules of Civil Procedure. The plaintiff Shelter Mutual Insurance Company filed the instant complaint for declaratory relief under the auspices of Title 28 U.S.C. § 2201.[3]

By its complaint, Shelter Mutual asks this court to hold that it is not obligated under its homeowner's liability insurance policy with the defendant, its insured, to defend the defendant in a state court lawsuit where the insured has been sued over alleged misstatements made during the sale of the insured's home to a third party. This court's jurisdiction over this matter is founded on diversity of citizenship, as granted by Title 28 U.S.C. § 1332.[4]

The controversy in the instant case centers around a lawsuit filed by one Randy Roberts against Angela M. Brown, the defendant in the instant case, in the Chancery Court of Rankin County, Mississippi. That lawsuit charges that Angela M.

---

1. Rule 56(a) of the Federal Rules of Civil Procedure provides that, "[a] party seeking to recover upon a claim, counterclaim, cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof."

2. Rule 56(c), Federal Rules of Civil Procedure, provides in pertinent part:
   **(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

3. Title 28 U.S.C. § 2201(a) provides that, "[i]n a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

4. The plaintiff is a Missouri corporation and the defendant is a resident citizen of Mississippi. Title 28 U.S.C. § 1332 titled "Diversity of citizenship, etc.," subsection (a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between(1) citizens of different States; ...."

Brown intentionally or negligently failed to disclose to Randy Roberts the defective condition of the foundation of the home she had sold to Roberts. Angela M. Brown has called upon the plaintiff in the instant case, Shelter Mutual Insurance Company (Shelter Mutual), to provide her a defense to this lawsuit. Shelter Mutual, on the other hand, asks this court to declare that it has no such obligation under the facts of this case.

## I. THE STATE COURT COMPLAINT

According to Randy Roberts' complaint, Roberts entered into a contract with Brown to purchase her home in Brandon, Mississippi. Roberts contends that paragraph 13 of the contract covenanted that the seller, Angela M. Brown, had no actual knowledge of any defects in the condition of the home. Attached to the complaint as exhibit B is a seller's disclosure statement wherein Angela M. Brown certified that she was not aware of any needed repairs, and that the home had no problems which might concern a buyer, which problems had not been caused by ordinary settlement and/or which had not been addressed by cosmetic repairs.

The complaint further avers that Angela M. Brown had obtained an engineer's report four months prior to placing her home on the market. The engineer's report, says the complaint, led Brown to make a claim against the builder for foundation failure, and, on December 2, 1999, Brown had received a monetary settlement from the builder's insurance company. The complaint says that Brown never revealed these developments to Roberts. The complaint further asserts that Brown made only cosmetic repairs to the home after she had received the settlement payment, rather than applying the proceeds to repair the defective condition.

Convinced that Brown had known of her home's foundation failure and failed to disclose that fact to Roberts, Roberts filed the state court lawsuit urging the claims of negligent misrepresentation, intentional non-disclosure, and breach of contract. Roberts asked for recision, damages in the amount of $100,000.00, punitive damages in the same amount, and attorney fees.

Subsequently, Brown approached Shelter Mutual requesting it to defend her in state court. Shelter Mutual, unpersuaded it has a duty to do so, then filed the instant complaint for declaratory relief.

Having reviewed the contract of insurance, the state court complaint, and the applicable law, this court finds that Shelter Mutual is entitled to summary judgment. This court has applied the law of the State of Mississippi.[5] The court's reasoning is set out below.

## II. THE POLICY

Shelter Mutual issued to Angela M. Brown a policy of homeowner's liability insurance bearing policy number 23–71–002764216–1. This policy provides coverage in an amount up to $100,000.00 for each occurrence under the personal liability section of the policy.

The provisions of the policy pertaining to personal liability and exclusions relevant to Shelter Mutual's complaint are as follows:

---

**5.** Pursuant to *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the applicable substantive law for this dispute is taken from the forum in which the federal court sits, the law of the State of Mississippi. *Rittenhouse v. Mabry,* 832 F.2d 1380, 1382 (5th Cir.1987); *DeMelo v. Toche Marine, Inc.,* 711 F.2d 1260, 1264 (5th Cir. 1983).

SECTION II

COMPREHENSIVE AND PERSONAL LIABILITY PROTECTION

COVERAGE E—PERSONAL LIABILITY

We will pay all sums arising out of any one loss which an insured becomes legally obligated to pay as damages because of bodily injury or property damage and caused by an occurrence covered by this policy.

EXCLUSIONS SECTION II

Under Personal Liability and Medical Payments to Others, we do not cover:
. . .

5. Bodily injury or property damage *expected or intended by an insured* (emphasis added).

The policy defines an occurrence as follows: **"Occurrence"** means an accident including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage." Furthermore, the policy states, **"We** do not cover loss: (a) resulting directly or indirectly from . . . 8. An action by or at the direction of any insured committed with intent to cause a loss."

Finally, under the EXCLUSIONS SECTION II of the policy, the language states that, "Under Personal Liability and Medical Payments to Others, we do not cover: 5. Bodily injury or property damage *expected or intended by an insured* (emphasis added)."

### III.  *SHELTER MUTUAL'S ARGUMENT*

Shelter Mutual argues that its obligation to provide a defense under the policy in question must be based on unintentional conduct by the insured which causes property damage and /or bodily injury which is accidental in nature.  The policy, says Shelter Mutual, does not provide a defense for the consequences of intentional conduct, even when the actual injury suffered was accidental or unintended by the insured.

Shelter Mutual also contends that the Rankin County, Mississippi, complaint does not seek relief for either "property damage" or an "occurrence" as these terms are defined by the policy.  "Property damage" is "physical injury to or destruction of tangible property, including loss of its use."  Additionally, the term "occurrence" means "an accident . . . which results, during the policy term in bodily injury and property damage."

Finally, Shelter Mutual says that it does not have any duty to defend in this case because the complaint may seek damages relating to the business of the defendant or to property owned by the insured. That section of the policy provides that:

Under Personal Liability we do not cover:

1. liability assumed under any oral contract or agreement, or under any contract or agreement in connection with the business of an insured.

2. *property damage to property owned by an insured* (emphasis added).

### IV.  *APPLICABLE LAW*

Under Mississippi law, the determination of whether an insurer has a duty to provide a defense on behalf of an insured depends upon the language of the policy in question.  *Sennett v. United States Fidelity & Guaranty Company*, 757 So.2d 206, 212 (Miss.2000).  The obligation of the insurer to defend also is to be determined by analyzing the allegations of the complaint in the underlying action.  *Id.* Only if the pleadings state facts which bring the injury within the coverage of the policy is the

insured required to defend. *Mulberry Square Productions, Inc. v. State Farm Fire & Casualty Company*, 101 F.3d 414, 421 (5th Cir.1996).

## A. Negligent And Intentional Misrepresentation And Fraud Claims Are Pecuniary In Nature And Not Covered By Liability Insurance

██ The underlying complaint in the instant case charges Angela M. Brown with negligently misrepresenting material facts and with intentional non-disclosure of material facts. Specifically, the complaint charges that Angela M. Brown failed to disclose the existence of the engineer's report and the monetary settlement she received from the builder's insurance company. The complaint also refers to Brown's conduct as fraudulent, willful and malicious. So, while the complaint asserts willful conduct by Brown, the complaint also charges negligent misrepresentation with regard to non-disclosure of all the material facts. Thus, Brown contends that the obligation to defend is triggered by the characterization of the claims contained in the underlying complaint as negligence.

In its response, Shelter Mutual relies upon *State Farm Fire and Casualty Company v. Brewer*, 914 F.Supp. 140 (S.D.Miss.1996). In *Brewer*, the underlying lawsuit involved the buyer of a home with termite damage who alleged that the sellers negligently had misrepresented that the home was free of termite damage. The court reasoned that the damage to the home was caused by termites, not by any misrepresentations, and that the only damage flowing from the misrepresentations were economic. The court looked to the liability policy in question, noting that while the policy covered property damage, property damage was not caused by any negligent misrepresentation. The court stated, in accordance with the great weight of authority from other jurisdictions, that "the only cognizable damages from such torts are economic and contractual in nature and as such do not fall within the coverage afforded by" liability insurance policies. *Id.* at 142.

In the instant case, the damages claimed by the plaintiff in the underlying lawsuit were caused by a failed foundation and, too, are purely economic in nature. Similarly to the circumstances in *Brewer*, Roberts allegedly attributes his economic detriment to Brown's misrepresentations. Thus, this court finds that his alleged damages are pecuniary in nature and are not property damage within the meaning of the Shelter Mutual policy. *Id.* at 142–43 (noting that most courts which have addressed this issue agree that mere economic loss does not constitute property damage). Inasmuch as there is no property damage alleged in the underlying complaint, Shelter Mutual has no duty to defend the underlying lawsuit.

## B. Policy Definition Of "Occurrence" Is Not Satisfied

Additionally, the allegations of the underlying state court complaint do not satisfy the policy definition of an "occurrence." Under the policy, an "occurrence" is defined as "an *accident* ... which results, during the policy term in bodily injury and property damage." In *United States Fidelity & Guaranty Company v. Omnibank*, 812 So.2d 196, 199–200 (Miss.2002), the Mississippi Supreme Court noted that the policies in question defined "occurrence" and "incident," respectively, as an "*accident.*" The exclusion contained in the policies, said the Court, mandated that coverage did not apply to "bodily injury" or "property damage" that is expected or intended from the standpoint of the insured. *Id.* at 200. This is virtually identical to the exclusion language of the policy in the instant case. The Court then noted that, "an accident by its very nature, pro-

duces unexpected and unintended results, and that it follows that bodily injury or property damage, expected or intended from the standpoint of the insured, cannot be the result of an accident." *Id.*

In *Allstate Insurance Company v. Moulton,* 464 So.2d 507, 509 (Miss.1985), the Mississippi Supreme Court discussed the meaning of the term "occurrence," noting that "[t]he key ingredient is not merely a 'happening,' for that would make every act or event an 'accident'; rather, it is the unexpected nature of the event or its aftermath. 7A Appleman, *Insurance Law and Practice,* § 4492 (Berdal ed.1979), states: 'An accident is anything that happens or is the result of that which is unanticipated and takes place without the insured's foresight or anticipation. . . . As used in insurance policies it is simply an undersigned (sic),[6] sudden, and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force, but it does not mean the natural and ordinary consequences of a negligent act.' "

■ In the instant case, the underlying state court complaint charges Angela Brown with failing to reveal: (1), information known to her regarding the presence of termite damage to her home; (2), the merely cosmetic repairs she made in order to conceal the damage; and (3), the settlement payment she received from her insurer for the purpose of making more complete repairs to the premises. The complaint also charges Angela Brown with intentional non-disclosure, as well as negligent misrepresentation under Mississippi law. Under the law of Mississippi, negligent misrepresentation consists of: (1), a misrepresentation or omission of a fact; (2), that the representation or omission is material or significant; (3), that the person

charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons; (4) that the plaintiff reasonably relied upon the defendant's misrepresentation or omission; (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance. *Spragins v. Sunburst Bank,* 605 So.2d 777, 780 (Miss.1992). The very first element of negligent misrepresentation under Mississippi law, misrepresentation of a fact, not an opinion, requires the plaintiff Roberts in the underlying state court case to show that Angela Brown knew that what she was saying about termite damage to her home was not factual. *Bank of Shaw v. Posey,* 573 So.2d 1355, 1360 (Miss.1990), noting that one must misrepresent a fact, not merely state an opinion, in order to be liable. Angela Brown's failure to reveal facts known to her is not the type of undesigned, sudden, and unexpected event which would give rise to an occurrence or accident as those terms are contemplated under Mississippi law.

In the instant case, the policy clearly and unambiguously provides that it covers bodily injury and property damage resulting from an occurrence and that it does not cover bodily injury or property damage expected or intended by the insured. The Mississippi Supreme Court holds that unless a clause of an insurance agreement is ambiguous it should be enforced as written. *Gulf Guaranty Life Insurance v. Duett,* 671 So.2d 1305, 1308 (Miss.1996).

■ Moreover, even if the allegations of the underlying complaint satisfied the definition of "property damage" caused by an "occurrence," the policy excludes coverage for property damage to *property owned by the insured.* This court has located only a paucity of case law, reported or otherwise,

6. The court intended to use the word "undesigned."

which applies an "owned property" exclusion of coverage to property which an insured has attempted to sell under factual circumstances similar to the case *sub judice*. In *State Farm Fire and Casualty Company v. Neumann*, 698 F.Supp. 195, 196 (N.D.Cal.1988), the defendant represented that the property in question had not suffered landslide damage when it actually had suffered such damage. The plaintiff/purchaser sued the defendant, claiming damages arising from the defendant's intentional and negligent misrepresentations regarding the condition of the property. The district court ruled, among other things, that the "owned property" exclusion contained in the defendant's insurance policy excluded from coverage any damage to property while owned by the insured, and that, consequently, State Farm had no duty to defend in the underlying state court action.

In *Allstate Insurance Company v. Chaney*, 804 F.Supp. 1219, 1223 (N.D.Cal. 1992), the district court held that, "the exclusion for property owned by an insured precluded coverage for, among other things, negligence claims in connection with the insured's maintenance, repair, inspection and sale of the insured property . . . ." Moreover, the *Chaney* court noted that when there is no potential liability under a policy, the insurer has no duty to defend its insured. *See Irvine Co. v. Great American Insurance Company*, 91 F.3d 152, 1996 WL 422862, *2 (9th Cir. 1996), citing *Chaney*, 804 F.Supp. at 1221. Under Mississippi law, the duty to defend also arises only when a potential for coverage exists. *Merchants Company v. American Motorists Insurance Company*, 794 F.Supp. 611, 616 (S.D.Miss.1992), citing *Mavar Shrimp and Oyster Company v. United States Fidelity and Guaranty Company*, 187 So.2d 871 (Miss.1966), and *E.E.O.C. v. Southern Publishing Company, Inc.*, 705 F.Supp. 1213, 1218 (S.D.Miss. 1988), *aff'd*, 894 F.2d 785 (5th Cir.1990).

Learned treatises in the field of insurance explain that " '[o]wned property' exclusions assure that the policy covers *only liability to third parties*, as it is intended to do, and that it excludes coverage for risks that the insured may be in the best position to prevent." See Ostrager and Newman, *Handbook on Insurance Coverage Disputes* § 10.03[b] at 441 (8th ed.1995), cited in *King County v. Travelers Insurance Company*, 1996 WL 257135, *1 (W.D.Wash.); and *Weedo v. Stone–E–Brick, Inc.*, 81 N.J. 233, 405 A.2d 788 (1979) (explaining that the function of business risk exclusions in liability policies is to restrict and shape the coverage afforded). Clearly, the "owned property" personal liability exclusion in the instant case is designed to protect the insured from liability for injuries to third parties, not damage to the insured own property.

### C. No Duty To Defend For Unintended Injuries Caused By Intentional Conduct

The Mississippi Supreme Court recently has ruled that even if an insured acts in a negligent manner, that action must still be accidental and unintended in order to implicate coverage under liability or umbrella insurance policies. *United States Fidelity & Guaranty Company v. Omnibank*, 812 So.2d 196 (Miss.2002). Thus, whether the results were intended or not, if the original act by the insured was intended, then there is no accident or occurrence. *See* this court's decision in *Virginia Insurance Reciprocal v. Forrest County General Hospital*, 814 F.Supp. 535, 536–37 (1993).

In the instant case, the complaint against the insured in state court asserts intentional nondisclosure. The plaintiff contends that the defendant failed to disclose to the plaintiff in the state court case an engineer's report with which the defendant was fully aware, and the fact that the

defendant had received a considerable settlement for the damage underlying the home. Instead, the defendant undertook to communicate that she knew of no problems, that there had been some settlement (of the foundation) and that cosmetic repairs had been made.

Under Mississippi law, a duty to disclose may exist where one voluntarily undertakes to speak but fails to prevent his or her words from being misleading, or where one party has knowledge of material facts to which the other party does not have access. *See Guastella v. Wardell*, 198 So.2d 227, 230 (Miss.1967) (the omission or concealment of material facts can constitute a misrepresentation, just as can a positive, direct assertion). *See also Davidson v. Rogers*, 431 So.2d 483, 485 (Miss. 1983) (where defendant took some action, affirmative in nature, which was designed or intended to prevent and which did prevent, the discovery of the material facts, plaintiff had a claim for fraudulent concealment).

Therefore, inasmuch as the plaintiff's claims are based on the defendant's intentional conduct, Shelter Mutual has no duty to provide a defense on behalf of Angela M. Brown, even if her conduct resulted in injury or damage which was not intended.

### CONCLUSION

Therefore, based on the foregoing, this court finds that Shelter Mutual has no duty to provide a defense on behalf of the defendant Angela M. Brown in the underlying state court action. The motion for summary judgment [**item # 10–1**] is granted and the above styled and numbered cause is dismissed. The court will enter a separate judgment in accordance with the local rules.