UNION PLANTERS NATIONAL LEAS-
ING, INC., Plaintiff-Appellee,

v.

Roderick D. WOODS,
Defendant-Appellant.

No. 82–4004
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 30, 1982.

Rehearing and Rehearing En Banc Denied
Oct. 28, 1982.

Dorrance Aultman, Hattiesburg, Miss., for defendant-appellant.

Joseph E. Lotterhos, Jackson, Miss., for plaintiff-appellee.

Before CLARK, Chief Judge, and POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Roderick D. Woods appeals the adverse grant of summary judgment in a suit by Union Planters National Leasing, Inc. for damages resulting from default of a written lease. Finding neither error in the use of the summary judgment vehicle nor abuse of discretion in the rulings by the district court, we affirm.

*Facts*

On March 23, 1978, Woods executed a lease agreement with Union Planters covering the rental of 10 soft-serve machines. He simultaneously signed an acceptance notice. The lease spanned 36 months and prescribed monthly payments of $1,841.73. The following August, Woods notified Union Planters of a change of address and, consistent therewith, all statements and communications were thereafter directed to Ammico, a corporation located in Poplarville, Mississippi. Subsequent payments were made by Edwin Poole.

A default in the January 1979 payment was rectified in March 1979. A repeat default in September 1979 was not cleared up and in December Union Planters notified Woods of the delinquent status. No further payments were made. In March 1980 the remaining payments were accelerated and the instant suit was filed.

After the joining of issue and completion of discovery, Union Planters moved for summary judgment. Thereafter Woods amended his answer and made Poole a third

party defendant. Following a hearing, the district court granted Union Planters summary judgment on the lease payments; a decision on attorney's fees was deferred.

Woods sought a rehearing and moved to amend his answer for the second time. The district court disallowed the amendment, refused the rehearing, and awarded attorney's fees. Woods appeals the grant of summary judgment and the orders entered on his application for rehearing and on his motion to amend.

### Summary Judgment

■ Rule 56(c) of the Federal Rules of Civil Procedure directs entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See, e.g., In re Municipal Bond Reporting Antitrust Litigation*, 672 F.2d 436 (5th Cir. 1982); *Ortego v. Union Oil Co. of California*, 667 F.2d 1241 (5th Cir. 1982); *United States Steel Corp. v. Darby*, 516 F.2d 961 (5th Cir. 1975). The party seeking summary disposition must demonstrate the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law.

■ Defense of a proper summary judgment motion requires more than a mere denial. Fed.R.Civ.P. 56(e). The party opposed to the motion "is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In re Municipal Bond Reporting Antitrust Litigation*, 672 F.2d at 440 (*quoting Ferguson v. National Broad-*

*casting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978)).

The record before us reflects that Woods signed the lease agreement, Union Planters performed as lessor but Woods did not discharge his obligations. There is no error, mistake, or fraud which would vitiate the contract. Woods explains his conduct by stating that he signed the contract as an accommodation for his friend Poole, and he maintains that the written agreement was orally modified to make Poole responsible for payment.

■ The basic facts are clear; the only controversy relates to the history of the lease agreement and the meaning to be ascribed to its terms. We are mindful that conventions " 'are not rendered ambiguous by the mere fact that the parties do not agree upon their proper construction,' " *Freeman v. Continental Gin Co.*, 381 F.2d 459, 465 (5th Cir. 1967) (*quoting Whiting Stoker Co. v. Chicago Stoker Corp.*, 171 F.2d 248, 250–51 (7th Cir. 1948)), and that disagreement over a contract's history does not automatically create a triable dispute of material fact. A contested fact must have some legal significance to be material to the resolution of a case; we will consider a factual disagreement only to the extent it involves relevant facts which would be admissible in evidence. Our examination of the record leads us to the conclusion that there are no material facts controverted, and that the disputed facts present no triable issue.

### Modification and Ambiguity

■ Woods' contention that the lease was orally modified is not supported by the law of Tennessee,[1] which holds that "[e]vi-

1. The lease agreement stipulates that it "is entered into under, and is to be construed in accordance with, the laws of the State of Tennessee," where Union Planters is located. In Mississippi, where the lease was signed and the action was brought, parties may agree to apply the law of another state. *United States v. Biloxi Municipal School District*, 219 F.Supp. 691 (S.D.Miss.1963), *aff'd sub nom. United States v. Madison County Board of Education*, 326 F.2d 237 (5th Cir.), *cert. denied*, 379 U.S.

929, 85 S.Ct. 324, 13 L.Ed.2d 341 (1964). Likewise, under Tennessee law the validity of a contract and the parties' substantive rights thereunder are governed by the law the parties manifestly intended. *Hamilton National Bank of Chattanooga v. Hutcheson*, 357 F.Supp. 114 (E.D.Tenn.1973), *aff'd sub nom. Hamilton National Bank of Chattanooga v. Meadow*, 492 F.2d 1243 (6th Cir. 1974). *See generally* R. Cramton, D. Currie & H. Kay, Conflict of Laws, at 155–59, 183–85 (3d ed. 1981) (parties' intent

dence of a prior or contemporaneous agreement inconsistent with or varying the terms of a written contract is, of course, inadmissible under the parol evidence rule." *Strickland v. City of Lawrenceburg*, 611 S.W.2d 832, 838 (Tenn.App.1980). Limited modification is allowed, *Trice v. Hewgley*, 53 Tenn.App. 259, 381 S.W.2d 589, 593 (1964), subject to the parties' contractual specification:

> [T]he terms of a written agreement intended by the parties as a final expression may be explained or supplemented by evidence of consistent additional terms *unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement. Bunge Corp. v. Miller*, 381 F.Supp. 176, 178 (W.D.Tenn.1974).

*Strickland*, 611 S.W.2d at 838 (emphasis added).

The lease agreement at bar specifically provides:

> The provisions of this Lease are intended by the parties as complete, conclusive and final expression of their agreement with respect to the lease of the equipment and no other agreements or understanding, oral or written, made prior to or at the signing hereof shall vary to [sic] modify the written terms hereof. No amendments, modifications or releases from any provisions hereof shall be effective unless in writing and signed by both parties.

Any prior or collateral understandings the parties may have had were, by Tennessee law and the parties' determination, merged into the written agreement. Subsequent

modification is allowed only if consistent with the contractual limitation. *See Strickland; Cronbach v. Aetna Life Ins. Co.*, 153 Tenn. 362, 284 S.W. 72 (1926) (changes in terms of written insurance contract must be made in accordance with the contract's own provisions).[2]

The lease is, by its own terms, "a complete and exclusive statement of the terms of the agreement," *Strickland*, 611 S.W.2d at 838. Woods may not offer evidence of contemporaneous oral or written amendment, or of subsequent oral modification. The district court correctly viewed Woods' "understanding" of the contract as not presenting a disputed fact material to the resolution of the litigation.

 The district court also correctly disregarded Woods' claim that the contract was ambiguous. As we observed in *Freeman v. Continental Gin Co.*:

> If the writing were ambiguous, then summary judgment would be improper, for the intent of the parties would then be a genuine issue of material fact. But the preliminary question whether an ambiguity exists is not a question of fact and is for the court to decide.... The mere raising of an unfounded charge of ambiguity does not bar summary judgment where the charge is disproven by undisputed documentary evidence.

381 F.2d at 465 (citations omitted). We are in accord with the trial judge that the lease "is clear and unambiguous by its very terms and on its face." We find no material, disputed fact in this contractual dispute.[3]

does not govern if unduly controlled by one party or if neither party has a substantial relationship to chosen state).

Although the district court applied Mississippi law in concluding that Woods' contentions did not constitute a triable conflict, the law of Tennessee as to oral modification and interpretation of contracts is substantially similar and dictates the same conclusion. *See, e.g.,* note 2, *infra.*

**2.** We discussed the Mississippi rule in *Freeman v. Continental Gin Co.*, 381 F.2d at 467:

> The Mississippi Supreme Court has held that where a written contract provided that the conditions and stipulations set out therein could not be altered or varied by any verbal

agreement or understanding between the parties, an objection to oral testimony contradicting the writing was properly sustained. *Parker v. McCaskey Register Co.*, 177 Miss. 347, 171 So. 337, 339 (1936).

The *Freeman* court, on facts similar to those of the instant case, held that the district court properly granted summary judgment where defendant's claim of subsequent modification did not present a provable allegation or a triable issue.

**3.** Woods' objection to the district court's assessment of damages is without merit. Woods' simple denial of the amount in controversy does not suffice to raise an issue of fact under Rule 56(e) in the face of unequivocal evidence

*Denial of Leave to Amend*

 Woods sought leave to amend his answer in order to plead fraud. Under Fed.R.Civ.P. 15(a), permission to amend "shall be freely given when justice so requires." The rule, however, "is not a mechanical absolute." *Freeman*, 381 F.2d at 468 (*quoting Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75 (5th Cir. 1961)). The decision whether justice requires amendment is committed to the discretion of the district judge, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 582 (1971); *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022 (5th Cir. 1981), reversible only for an abuse of discretion, *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981). In the exercise of its discretion, the district court may consider such factors as prejudice to the opposing party, undue delay, repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment.

In the instant case, Woods sought to amend his answer more than a year after suit was filed and nearly two years after he was notified of default. Discovery had been completed. Woods had already amended his answer once after Union Planters had moved for summary judgment. The second attempt to amend came after the court had granted that motion.

"A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." *Freeman*, 381 F.2d at 469. Further, after summary judgment has been granted, the court has "even more reason for refusing to allow amendment." *Id.*; *Gregory*, 634 F.2d at 203. "Then, the concerns of finality in litigation become more compelling, and the litigant has had the benefit of a day in court, in some fashion, on the merits of his claim," *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 n.2 (5th Cir. 1981).

██ We are faced with the same problem presented to the *Gregory* court and reach the same conclusion:

[W]e are not prepared to say that the denial by the district court constituted an abuse of its discretion. In *Freeman* we concluded that there was no abuse in the disallowance of an amendment to the pleadings offered after summary judgment had been granted. The differences in the request and timing in *Freeman* and in the case at bar are not significant enough to mandate a different result. The rationale of the holding in *Freeman* that there was no abuse of discretion in refusing to allow an amendment changing the theory of the case after a summary judgment was granted applies to the case *sub judice*.

634 F.2d at 203.

Every defendant must have a full and fair opportunity to establish his defense and raise factual issues, but meaningful consideration should be accorded the proposition that all litigation must have a timely termination. We are guided accordingly.

The district court is AFFIRMED.

to the contrary. *See In re Municipal Bond Reporting Antitrust Litigation*, 672 F.2d at 440, 443.