## In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.

### Dawn LONG, et al., Plaintiffs,

### v.

### WYETH LABORATORIES, INC., a subsidiary of American Home Products Corporation, and American Home Products Corporation, Defendants.

### No. 1:95 CV 5048.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 29, 1995.

Eugene B. Ralston, Eugene B. Ralston & Associates, PA, Topeka, KS, Turner W. Branch, Branch Law Firm, Albuquerque, NM, for Plaintiff.

Harvey L. Kaplan, Scott W. Sayler, Beverly G. Baughman, Shook, Hardy & Bacon, Kansas City, MO, Mark C. Hegarty, Shook, Hardy & Bacon, Overland Park, KS, for Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO ADD ADDITIONAL PARTIES

SCHELL, Chief Judge.

Before this court is Plaintiffs' Motion to Add Additional Parties, filed on May 25, 1995. A response, filed by defendants American Home Products Corporation and Wyeth Laboratories, Inc. ("Defendants"), was timely filed on June 9, 1995. Upon consideration of the motion, response, and attached memoranda of law, the court is of the opinion that the motion should be DENIED.

### BACKGROUND

Plaintiffs originally filed this suit in Kansas on October 28, 1994. Subsequently, Plaintiffs filed a First Amended Complaint on December 14, 1994. The case was then transferred to this court by the Judicial Panel on Multidistrict Litigation for pretrial proceedings. Next, on February 21, 1995, Plaintiffs filed a motion to add additional parties, to which Defendants filed no opposition. As a result, Plaintiffs were granted leave to file their Second Amended Complaint, which they did on March 20, 1995. Finally, the Plaintiffs filed this pending motion to add yet another two representative plaintiffs.

### FACTS

Plaintiffs' complaint alleges that the Defendants in this case manufacture and distribute silicone-coated levonorgestrel contraceptive implants ("NORPLANT") ultimately

to be implanted in the arms of women.[1] Plaintiffs seek to hold Defendants liable for both the side effects or adverse reactions allegedly caused by NORPLANT and the alleged difficulty of removing NORPLANT once it has been implanted. Plaintiffs have previously been allowed to name additional representative plaintiffs for their class action. The current motion seeks leave for the addition of two more named class representatives, Rhonda Pogue and Shelly Schafer.

On approximately February 3, 1995, Plaintiffs' lawsuit was consolidated in this court for pretrial proceedings with dozens of other lawsuits then pending in federal courts across the country. At the initial pretrial conference for these consolidated cases, which had been held on January 25, 1995, the liaison counsel for the plaintiffs, Chris Parks, represented to the court that the plaintiffs in the consolidated cases would be filing a master class action complaint which would effectively replace the numerous class actions which had been filed in other federal courts.[2] As a result of this conference, the court subsequently entered Practice and Procedure Order No. 2 on February 22, 1995. In this order, the court set out a schedule for class certification determination concerning the proposed master class. This schedule provided that the Defendants were to receive the medical records of and depose two groups of plaintiffs: (1) five class representatives named in the master class action complaint and (2) eight other plaintiffs who had been named as class representatives in other pending class action complaints.[3] The eight other plaintiffs were to be designated by the Defendants, and their records were to be produced by March 8, with depositions to have commenced on March 22.[4] After some difficulty in selecting the eight other plaintiffs and then scheduling depositions of each of the eight, the depositions were to have been completed by about May 23, 1995.[5] Following all this discovery, the Defendants filed their opposition to certification of the master class on June 5, 1995.

## DISCUSSION

Defendants' argument against the addition of any more named plaintiffs to this lawsuit is threefold: (1) plaintiffs have not shown how adding additional named class representatives will further their obligation to fairly and adequately protect the class members' interests; (2) the addition is a futile act because it will not affect the outcome of the litigation; and (3) the defendants would be prejudiced by the addition of more named plaintiffs since the briefs directed to class certification have already been filed. Because this court holds that the Defendants would be prejudiced by the addition of any further named class representatives, this court need not determine the merits of the Defendants' other two alternative arguments.

Federal Rule of Civil Procedure 15(a) states that permission to amend a complaint "shall be freely given when justice so requires." However, the Fifth Circuit has held that leave to amend may be denied when such an amendment would result in undue prejudice to the opposing party. *E.g., Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 546 (5th Cir.1983) (citing *Union Planters National Leasing, Inc. v. Woods*, 687 F.2d 117 (5th Cir.1982); *Dussouy v. Gulf*

1. Pls.' Second Am.Compl. ¶¶ 6, 7.

2. The discussion at the January 25th conference was as follows:

> Mr. Parks: All the Plaintiffs' Steering Committee members who have filed complaints and who have worked on the filing of complaints have agreed, at least among the Plaintiffs' Steering Committee, that they would consolidate their actions into one action.... By filing one master complaint, the Defendants would only have to address one core document. It would streamline the process for all concerned and all plaintiffs that have filed for class actions in other districts, prior to being transferred to this district, have

agreed that they would be willing to be in the master complaint.
Tr. of Jan. 25, 1995 Initial Pretrial Conference at 35.

3. Practice and Procedure Order No. 2 at 7.

4. *Id.*

5. By order of May 17, 1995, this court set May 23, 1995 as the date by which the last of the thirteen depositions were to have taken place. As the court has not been informed that the depositions were not completed by this date, it assumes that all depositions of the thirteen plaintiffs were completed by May 23.

Coast Investment Corp., 660 F.2d 594, 598 (5th Cir.1981)). Defendants contend that the Plaintiffs' proposed amendment would unduly prejudice them.

Defendants cite an opinion from the Eastern District of Pennsylvania in support of their argument against the addition of any further parties. *See Dickerson v. United States Steel Corp.*, 64 F.R.D. 351 (E.D.Pa. 1974). Because this court could find no Fifth Circuit decisions on point,[6] and because the reasoning in *Dickerson* is persuasive, this court adopts the holding in *Dickerson* as it relates to the addition of parties.

In *Dickerson*, the plaintiffs moved for certification as a class in their discrimination suit against their former employer. *Id.* at 353. Subsequently, the plaintiffs sought leave to add an additional class representative. *Id.* However, the plaintiffs' motion failed to disclose relevant facts about the proposed additional plaintiff, such as the nature of his claim or in which department he was employed. *Id.* at 354. Therefore, the court found that it would unfairly prejudice the defendant to have to contest the class certification without knowing highly relevant facts about a proposed class representative and refused to allow the addition of the proposed plaintiff. *Id.*

Like in *Dickerson*, Defendants would be prejudiced if Plaintiffs were allowed to add any other named class representatives. For purposes of the issue of certification of a class in the consolidated Norplant products liability litigation proceedings, this class action is subsumed in the master class action complaint. The pool from which the Defendants were allowed to choose deponents in their attempt to oppose class certification was limited to those individuals who were already named as class representatives in the various class actions which had been filed in numerous districts across the country, including this class action. Therefore, at the time the Defendants made their decision concerning which named plaintiffs they wished to depose on issues related to certification of a master class, they did not have available to them the two proposed additional named class representatives whom Plaintiffs now seek to add to this lawsuit. Further, the Defendants have already completed discovery concerning master class certification and have filed their brief in opposition to class certification. Because this court cannot allow the consolidated litigation to become protracted, Defendants will not have the opportunity to reevaluate their decision concerning which class representatives to depose for purposes of contesting master class certification. Therefore, the addition of these plaintiffs at this late date would unfairly prejudice the Defendants.

## CONCLUSION

Having found that the addition of Rhonda Pogue and Shelly Schafer as named class representatives would unfairly prejudice the Defendants, Plaintiffs' Motion to Add Additional Parties is hereby DENIED.

---

**6.** "[T]he law of the transferee court ... applies" when a case is transferred pursuant to 28 U.S.C.

§ 1407. *In re NORPLANT Contraceptive Prods. Liab. Litig.*, 878 F.Supp. 972 n. 5 (E.D.Tex.1995).