**Marcus T. KIRKSEY, Plaintiff,**

v.

**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, Defendant.**

**No. Civ.A. 2:00–CV–92PG.**

United States District Court, S.D. Mississippi, Hattiesburg Division.

Sept. 22, 2000.

Lawrence E. Abernathy, III, Laurel, MS, for Plaintiff.

Randy L. Dean, Roy, Liddell, Walter D. Willson, Wells, Marble & Hurst, Jackson, MS, for Defendant.

### MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

Before the Court is Defendant's Motion to Dismiss and in the alternative for Summary Judgment. Having considered these motions, the responses, the briefs of coun-

sel, the cited authorities and applicable law, the Court finds as follows:

## FACTUAL BACKGROUND

This cause of action arises out of the alleged overcharging by Defendant of personal property insurance premiums on collateral for a $763 loan. Plaintiff also asserts class allegations. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The facts are recounted in a light most favorable to Plaintiff.

On May 19, 1998, Plaintiff entered into a loan contract with Kentucky Finance Company. Plaintiff pledged personal property as collateral for the $763 loan. The loan term was thirteen months. Plaintiff was charged a premium for insurance coverage of $24.80. This premium translates into $3.00 per $100 of loan value per year ($763 $\times$ (.03) $\times$ (13/12) = $24.80). Plaintiff alleges that he was overcharged for this insurance. In his amended complaint, Plaintiff alleges that he was charged $3.25 per $100 of loan value ($24.80 ÷ 7.63 = $3.25). The master insurance policy issued to Kentucky Finance Company by Defendant provides that the premium to be charged is $3.00 per $100 of loan value. Hence, Plaintiff asserts that he should have been charged only $3.00 for each $100 of loan regardless of the term or duration of the loan and that he was thus overcharged. Plaintiff's complaint, premised upon the alleged overcharge, recites claims for breach of contract and fraud. Defendant asserts that it charged the proper rate for insurance.

## DISMISSAL / SUMMARY JUDGMENT

Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if a party fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the Court may not generally go beyond the pleadings but should "... only test whether the claim has been adequately stated in the complaint." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 at 298 (1990). The allegations of the complaint must be accepted as true when the Court considers whether the plaintiffs have stated a cause of action. *See Cramer v. Skinner,* 931 F.2d 1020 (5th Cir.), *cert. denied,* 502 U.S. 907, 112 S.Ct. 298, 116 L.Ed.2d 242 (1991). Only the complaint and the pleaded allegations are to be considered in reaching a decision on a Rule 12(b)(6) motion to dismiss. *Colle v. Brazos County,* 981 F.2d 237, 243 (5th Cir.1993). The complaint should not be dismissed unless it appears beyond doubt that the Plaintiffs can prove no set of facts in support of their claims. *Id.* If any matters outside the pleadings are considered, the motion is converted to one for summary judgment. Regarding such conversion, Rule 12(b) provides specifically:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. (12)(b).

Thus, "[t]he element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material. It is not relevant how the defense is actually denominated." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 at 485 (1990). Further, as the Fifth Circuit has explained:

The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment. In that event, even if a motion to dismiss has been filed, the court must convert it into a summary judgment proceeding and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion by Fed.R.Civ.P. 56.

*Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir.1980) (citing *Arrington v. City Fairfield*, 414 F.2d 687 (5th Cir.1969)).

On a 12(b)(6) motion, of course the Court must view all well-pleaded facts in the light most favorable to the non-moving party. However, "once the proceeding becomes one for summary judgment, the moving party's burden changes and he is obliged to demonstrate that there exist no genuine issue as to any material fact and that he is entitled to judgment as a matter of law." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 at 506 (1990). In this case, Defendants' motions, since they refer to material outside the four corners of the complaint, are properly considered as motions for summary judgment.

Rule 56(c) of the Federal Rules of Civil Procedure provides for summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The existence of a material question of fact is itself a question of law that the district court must consider before granting summary judgment. *John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 712 (5th Cir.1985).

At the summary judgment stage, this Court is not to weigh evidence and resolve issues of fact, but instead must determine whether there is a genuine issue for trial. A genuine issue for trial exists if there is sufficient evidence to justify a jury verdict for the non-moving party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be proper. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir.1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir.1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, ... all other contested issues of fact are rendered immaterial." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992) (citing *Celotex*, 477 U.S. at 323, 106 S.Ct at 2552). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir.1984).

In order to prevail, the moving party must demonstrate the lack of a genuine issue of material fact. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir.1982). "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

Once a properly supported motion for summary judgment is presented, however, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*,

584 F.2d 111, 114 (5th Cir.1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir.1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "[t]he burden to discover a genuine issue of fact is not on [the] court," (*Topalian* 954 F.2d at 1137), "Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting summary judgment." *John*, 757 F.2d at 712, *quoting Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir.1980).

Since the Court is considering the affidavit attached to Defendant's motion for summary judgment as well as other documentary evidence provided by both sides, this motion will be considered as a motion for summary judgment.

### FILED RATE DOCTRINE

■ The filed rate doctrine bars suit against regulated entities, like insurance companies, grounded on the allegation that the rate charged is unreasonable. *Wegoland, Ltd. v. NYNEX Corp.*, 27 F.3d 17, 18 (2d Cir.1994). The rate filed with the regulatory agency is per se reasonable and unassailable in judicial proceedings brought by ratepayers. *Id.* One "can claim no rate as a legal rate that is other than the filed rate." *United Gas Pipe Line Co. v. Willmut Gas & Oil Co.*, 231

Miss. 700, 97 So.2d 530, 535 (1957). The filed rate doctrine is motivated by two principles: (1) to prevent price discrimination between ratepayers so that everyone pays the same filed rate; and (2) in recognition of the expertise developed by regulating agencies in setting rates, it is improper for courts to review the reasonableness of those rates. *Marcus v. AT&T Corp.*, 138 F.3d 46, 58 (2d Cir.1998). The Court in *Wegoland* held that the application of the doctrine is so strong that even filed rates that are set as a result of fraud on the regulatory agency are per se valid. 27 F.3d at 20. In *Marcus*, the Court held the doctrine is strictly applied, even in the face of apparent inequities. 138 F.3d at 59.

According to Defendant, the Mississippi Department of Bank Supervision, on April 14, 1977, amended Regulation VI governing insurance on properties securing a loan on April 14, 1977, as follows:

Insurance on Property Securing Loan—Property insurance may be written in connection with any loan subject to the terms and conditions as follows:

3.... On loans $500 gross and up, the maximum charge that can be made is one and a half percent per $100 on a single interest type OR three percent per year per $100 on a dual interest type policy with no minimum premium. This is reflected as amendment to Regulation VI, Section A, Subsection 3.

This amendment to Regulation VI was adopted pursuant to Sections 75–67–121, 75–67–129, and 75–67–243, Miss.Code Ann. (1972).

■ Defendant argues that after the above amendment to Regulation VI was adopted on July 20, 1977, Defendant applied to the Commissioner of Insurance (now Mississippi Department of Insurance) for approval of the following rate: "Rate Per $100 Of Insurance Per Annum—Dual Interest—3%." This rate applied to a poli-

cy for Fire and Lightning, Inland Marine, Extended Coverage, and Theft ($25 deductible), the same policy sold to Plaintiff. Accordingly, Defendant argues that this Court has no authority to disregard the rate approved by the Insurance Commission of the State of Mississippi.

Plaintiff cites a Master Policy that was entered into between the Defendant and Kentucky Finance in which the rate, in an endorsement thereto, is simply set out as "$3 Per $100—Dual Interest." This endorsement contains no specification as to duration of the loan, nor does it specifically refer to property.

Plaintiff next defends by citing a June 24, 1992 letter from the Mississippi Department of Insurance in which Mr. Gibson, the rating director, writes "We no longer regulate Inland Marine rates, rules and forms but prefer to have your program on file."

Plaintiff argues that Defendant should charge $3 per $100 of insurance regardless of duration. That would mean that Defendant could charge the same premium on a six month loan as it could on a thirteen month loan or a three year loan in the same amount. This would be considerably more favorable for a borrower who is borrowing for a long period of time and it would be considerably less favorable for a borrower who was borrowing for only a short period. This is not logical.

While this Court might disagree with the amount that is allowed for this type of insurance, it has no power or authority to set legislative policy of the State of Mississippi, to usurp the duties and responsibilities of the Mississippi Department of Insurance.

Under the law cited by Defendant, as to which Plaintiff has cited nothing to the contrary, this Court is bound to respect the rates filed with the Mississippi Department of Insurance. Those rates were ap-

proved by the Mississippi Insurance Commission on August 19, 1977, and nothing has been done to disapprove those rates since that date according to the evidence before this Court, Plaintiff's argument notwithstanding.

As the Court has indicated, the rates approved by the Mississippi Insurance Commission in 1977 related not only to inland marine, but also to fire and lightning, extended coverage and theft. Mr. Gibson's letter related only to the inland marine rates. Consequently, Mr. Gibson's letter of June 1992 is of no moment. Further, Mr. Gibson has no authority to change the law of the State of Mississippi.

Plaintiff's argument that the contract between Defendant and Kentucky Finance should control is of no consequence since the filed rate controls. The filed rate, rather than the master policy between Defendant and Kentucky Finance, controls the disposition of this case.

Plaintiff has failed to demonstrate any genuine issue of material fact. Whether one agrees or disagrees with the rate charged by Defendant, it was the rate filed with the Mississippi Department of Insurance, and this Court has no authority to disregard that rate.

IT IS ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's complaint is dismissed with prejudice.