United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

––––––––––––––––––––

No. 03-20595

––––––––––––––––––––

PARVANEH MOAYEDI,

Plaintiff-Appellant

versus

COMPAQ COMPUTER CORPORATION, Et Al,

Defendants

COMPAQ COMPUTER CORPORATION,

Defendant-Appellee.

–––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––

Appeal from United States District Court
for the Southern District of Texas
USDC No. H-02-CV-4600

–––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––

Before DAVIS, PRADO, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Parvaneh Moayedi ("Moayedi") began working for Compaq Computer ("Compaq") in

1989. In 1999 she moved into a position where James Tumlinson ("Tumlinson") became her first

level manager. She remained on Tumlinson's team until she was terminated in a company-wide

reduction in force in July 2001. She had opportunity to transfer away from Tumlinson's team, but

failed to do so. Immediately upon notification that she was to be laid off, Moayedi made

allegations to upper management at Compaq that Tumlinson had been sexually harassing her for

–––––––––––––––

[*]Pursuant to 5ᵀᴴ CɪR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R.
47.5.4.

over two years. Compaq immediately undertook an investigation into Moayedi's allegations and concluded that Tumlinson had acted inappropriately. Three weeks after Moayedi's first complaint was filed Tumlinson was fired.

Seeking to hold Tumlinson, as well as Compaq liable for the indiscretions of Tumlinson, Moayedi, on January 8, 2002, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Commission on Human Rights ("TCHR") alleging violations of Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act ("TCHRA."). Moayedi requested and received a right to sue letter from the TCHR on May 6, 2002. The EEOC issued its notice of dismissal and right to sue on May 29, 2002.

Moayedi, on July 24, 2002, filed her Original Petition in state court alleging TCHRA claims against Compaq and state common law claims against Tumlinson.[1] She filed an Amended Petition in state court on November 18, 2002, explicitly alleging Title VII claims of racial and sexual discrimination and retaliation against Compaq and various state law claims against both Compaq and Tumlinson. Compaq removed the case on December 11, 2002, and filed for summary judgment on April 23, 2003.

The district court heard oral argument and on May 12, 2003, granted summary judgment. Moayedi filed a timely notice of appeal. However, Moayedi has chosen not to argue against the grant of summary judgment on either her retaliation or her racial discrimination claims. Accordingly, she has waived review of those claims. *See St. Paul Mercury Ins. Co. v. Slater*, 224 F.3d 425 (5th Cir. 2000). Thus, before this Court, plaintiff contests only the dismissal of her

---

[1] Tumlinson was later dismissed from the action after Moayedi settled with him.

sexual harassment allegations.

Review of the district court's grant of summary judgment is *de novo* using the same standards as the lower court. *See Russell v. McKinney Hosp. Venture, Inc.*, 235 F.3d 219 (5th Cir. 2000). Summary judgment should be granted only when there is "no genuine issue as to any material fact[.]" Fed. R. Civ. P. 56 (c); *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408-09 (5th Cir. 2002).

Moayedi argues that she was a victim of *quid pro quo* and hostile work environment sexual harassment that culminated in her being laid off. She asserts that Tumlinson made it clear to her that he controlled who would be laid off and that if she would bow to his sexual advances, she would be protected. She refused and was laid off and argues that this factual scenario creates a *quid pro quo* case subjecting Compaq to *per se* vicarious liability for the actions of Tumlinson. She further argues that it was error for the district court to conclude that Tumlinson had no input into the decision to lay her off. This conclusion by the district court entitled Compaq to assert the affirmative defense set forth in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998).

Compaq argues that the district court was correct in granting summary judgment because Moayedi's Title VII claims, as first asserted in the Amended Petition of November 18, 2002, are time-barred for not having been filed within ninety days of the EEOC right to sue notice of May 29, 2002. Compaq also argues that the time-bar problem is not cured because the Title VII claims do not properly relate back to the original TCHRA claims filed in Moayedi's original state petition of July 24, 2002.[2]   Regardless of the foregoing, Compaq argues that Moayedi's claims fail on the

---

[2] We do not address the timeliness issues as the district court did not base its decision thereon. We choose instead to address the merits of Moayedi's claims, as did the district court.

3

merits because Tumlinson had no input into the decision to lay Moayedi off thus obviating her claim that Compaq is *per se* vicariously liable. Without the *per se* violation, Compaq argues that it is entitled to the *Faragher/Ellerth*[3] affirmative defense which bars Moayedi's claims if Compaq exercised reasonable care to prevent and promptly corrected any harassing behavior and if Moayedi unreasonably failed to take advantage of the preventive and corrective opportunities available through Compaq's work place harassment policies.

The district court found that Tumlinson did not participate in the decision to lay off Moayedi and in fact had asked to retain her. The Court implicitly concluded that this finding negates Moayedi's assertion that this is a *quid pro quo* case. The court also concluded that Moayedi failed to take advantage of the work force harassment policies in place at Compaq as she did not complain until after she received her notice of layoff and thus Compaq had no notice of the alleged harassment. Further, once she did complain, Compaq quickly investigated the case and fired Tumlinson.

Moayedi complains that the district court abused its discretion in granting summary judgment against her because she offered evidence from which an inference could be drawn by reasonable jurors that Tumlinson did participate in the decision to terminate her. However, the only thing offered in argument at the summary judgment hearing by Counsel for Moayedi was her (Moayedi's) subjective belief that Tumlinson had such power and influenced the decision. She bases this on alleged conversations that she had with Tumlinson wherein he asserted that he was the only one who could save her job and that he would do so if she would succumb to his sexual

---

[3] *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998. A companion case, *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), was handed down at the same time.

advances. There is no objective evidence to support Moayedi's version that this occurred. Instead, she urges this Court to infer from the fact that neither Rohr nor Forlenza, her second and third level managers who ultimately made the decision to terminate her, had ever met or knew her, thus Tumlinson must have had input into the decision to terminate her. This is in conflict with the direct evidence relied upon by the district court.

Both Rohr and Forlenza provided affidavits that Tumlinson had no input into the decision to terminate Moayedi beyond providing review appraisals on all of his employees and preparing the list of employees he wanted to keep. As previously stated, Moayedi was on the list he wanted to keep. Nevertheless, Moayedi argues that a jury could reasonably infer that since Tumlinson made the threats, he ultimately carried through on them.

The record is undisputed that Rohr and Forlenza made the decision to terminate Moayedi. The record is undisputed that Tumlinson did not have the authority to terminate Moayedi. It is also undisputed that Compaq underwent a major reduction in force necessitating the termination of numerous employees. Rohr and Forlenza have provided affidavits that affirmatively state that Tumlinson had no input into the decision to terminate Moayedi, but that Tumlinson wanted to keep her as an employee. A deposition of Tumlinson confirms the same thing. Plaintiff did not take the depositions of Rohr and Forlenza to attack the credibility of their affidavits. She likewise did not offer any other evidence to refute the affidavits of Rohr and Forlenza and the deposition testimony of Tumlinson. Plaintiff merely argues that because Tumlinson used the line that he could save her job if she would give into his sexual desires he must have influenced the decision to terminate her. Plaintiff has clearly produced enough evidence that she would be entitled to go to trial against Tumlinson (with whom she settled), but she has not created a genuine issue of fact as

5

to the liability of Compaq.

After a thorough review of the record, we agree with the district court that the *"quid pro quo"* theory is inapplicable in this case because there is no genuine issue of material fact as to whether Tumlinson participated in the decision to terminate Moayedi. *See Casiano v. AT&T Corp.*, 213 F.3d 278 (5ᵗʰ Cir. 2000)(analyzing *quid pro quo* and hostile work environment in sexual discrimination/harassment claims). Thus, Compaq was entitled to rely on the *Faragher/Ellerth* affirmative defenses.

We also agree with the district court's finding that because Moayedi did not report the harassing behavior until after notice of her termination that she failed to reasonably avail herself of Compaq's workplace harassment policies. She knew these policies were in effect because she had previously utilized them to stop a former harassing co-employee. We further agree with the district court's conclusion that Compaq acted reasonably and quickly in investigating the situation and fired Tumlinson within three weeks after the harassment was reported. Moayedi failed to offer any evidence to rebut the proffered legitimate non-discriminatory handling of this case by Compaq.

Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc*., 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward significant probative evidence demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.

The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed. R. Civ. P. *See Union Planters Nat. Leasing v. Woods*, 687 F.2d 117, 119 (5th Cir. 1982). This, Moayedi failed to do.

The district court's grant of summary judgment in favor of Compaq is

AFFIRMED.