**MONSANTO COMPANY Plaintiff**

v.

**Mitchell SCRUGGS, Eddie Scruggs, and Scruggs Family Farm Supply Defendants**

**No. CIV.A. 3:00CV161–P–A.**

United States District Court, N.D. Mississippi, Western Division.

July 7, 2004.

Michael Noel Watts, Robert Bradley Best, Holcomb Dunbar, Oxford, MS, Frank S. Thackston, Jr., Lake Tindall, LLP, Charles Victor McTeer, Kimberly Georgette Jones, McTeer & Associates, Greenville, MS, Joseph C. Orlet, Matthew T. Schelp, Erik L. Hansell, Matthew R. Grant, Glennon P. Fogarty, Dutro E. Campbell, Michele L. Taylor, S. Christian Mullgardt, II, Adam E. Miller, Husch & Eppenberger, LLC, Stephen G. Strauss, Dale R. Joerling, Thompson Coburn, St. Louis, MO, Kenneth A. Letzler, Jonathan I. Gleklen, Michael D. Yeh, Arnold & Porter, Washington, DC, Susan K. Knoll, Howrey Simon Arnold & White, Houston, TX, for plaintiff.

Jim D. Waide, III, Waide & Associates, PA, James L. Robertson, Wise, Carter, Child & Caraway, Lisa Scruggs Rohman, Tupelo, MS, Dennis C. Sweet, III, Sweet & Freese, Jackson, MS, Gary Myers, Oxford, MS, for defendants.

## MEMORANDUM OPINION

PEPPER, District Judge.

This cause is before the Court on Monsanto's Motion for Summary Judgment on Counts One, Two, Three, Four, Nine, Ten, Eleven and Twelve of Defendants' Counterclaims (Defendants' Common Law Claims [398–1]). The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. Of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir.1985).

A judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is

not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis,* 799 F.2d 218, 222 (5th Cir.1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company, v. OKC Corporation,* 812 F.2d 265, 272 (5th Cir.1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, ... all other contested issues of fact are rendered immaterial." *See Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. *Topalian v. Ehrman,* 954 F.2d 1125, 1138 (5th Cir.1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin,* 736 F.2d 175, 178 (5th Cir.1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods,* 687 F.2d 117 (5th Cir.1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian,* 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John,* 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants'

motion for summary judgment, 'even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.'" *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111, 114 (5th Cir.1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In re Municipal Bond Reporting Antitrust Lit.,* 672 F.2d 436, 440 (5th Cir.1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also Union Planters Nat. Leasing v. Woods,* 687 F.2d at 119.

While generally "[t]he burden to discover a genuine issue of fact is not on [the] court, (*Topalian,* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John,* 757 F.2d at 712, *quoting Keiser v. Coliseum Properties, Inc.,* 614 F.2d 406, 410 (5th Cir.1980).

## LEGAL ANALYSIS

1. Count One

 The invasion of privacy claim has as its basis Monsanto's pre-suit surveillance activities. One of Monsanto's investigators purchased a lot across the street from Scruggs Farm Supply and placed a small trailer on the lot. He equipped the trailer with video surveillance equipment.

Some of Monsanto's investigators also observed activities at Scruggs Farm Supply with binoculars. On other occasions the investigators followed the Scruggses' family members or employees when they ran errands. On other occasions, Monsanto's investigators approached the Scruggses' customers and asked permission to look at the contents of their truck(s). Monsanto asserts that the activities of which the Scruggses complain are insufficient to support a claim for Monsanto's interference with the Scruggses' right to seclusion.

A party seeking recovery for invasion of privacy must be able to show that the "interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable man, as the result of conduct to which a reasonable man would strongly object." *Candebat v. Flanagan*, 487 So.2d 207, 209 (Miss.1986). *See also Monsanto Company v. Ethridge*, Civil Action No. 4:00CV1592TCM (June 21, 2001). Despite the Scruggses' best efforts to present contrary authorities, the facts presented are simply not egregious enough to support a recovery for invasion of privacy. Monsanto is entitled to summary judgment on this claim.

2. Count Two

■■■ Count Two of the defendants counterclaim alleges trespass. As pled in the Complaint, the factual basis for this claim is Monsanto's use of private investigators to "spy" on defendants' farming practices; and Monsanto's use of sampling teams to enter defendants' property to "unnecessarily sample" defendants' crops.

In order to recover, the Scruggses must demonstrate: 1) an intrusion upon the land of another without a license or other right for one's own purpose; 2) damage to the plaintiff as a result of physical invasion of the land; 3) credible evidence that Monsanto is the party responsible for the tort. With regarding to the "spying" aspect of the claim, Monsanto avers that the counterclaimant cannot establish an actual physical invasion of land. As to the "sampling" aspect of the claim, Monsanto maintains that none of its representatives ever entered the Scruggses' land prior to obtaining court authority to do so. Consequently, Monsanto claims a privilege for entry pursuant to a court order.

In reply, the only evidence the Scruggses offer is the statement of Monsanto's Clifford White that "[o]n June 9, 1999, I found two 'brown bags' containing soybeans in a location where defendants conduct farming operations.... These bags were ... marked 'SF'." White went on to say that the "bags were located on a gravel road ... in an area where defendants had just planted soybeans."[1] The Scruggses aver this is ample evidence of trespass for purposes of defeating Monsanto's motion for summary judgment.

Monsanto's reply brief points out that neither the Scruggses' pleadings nor their discovery responses can be construed as basing their trespass action on the June 1999 actions of White. The Scruggses never filed a motion seeking leave of court to amend their counterclaim to allege a right to recovery on those facts. *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir.1990); *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469–70 (5th Cir.1967). Monsanto is entitled to summary judgment on the trespass claim.[2]

---

**1.** Later sampling of beans from those two bags revealed that the seed contained Monsanto's Roundup Ready trait.

**2.** The Court likewise rejects the counterclaimants' newly asserted basis for their trespass claim, i.e., that the actions of Monsanto and its agents amount to an offense to the Scruggs' person, health, reputation or property. *Keppner v. Gulf Shores, Inc.*, 462 So.2d 719, 725 (Miss.1985).

### 3. Count Three

In Count Three of their Counterclaim, the Scruggses assert a claim for tortious interference with contract and/or business relations. The factual basis for this claim, as asserted in their counterclaim, is the same as for the trespass claim. In addition to the "unnecessary sampling" and surveillance activities, the Scruggses also complain Monsanto harassed Scruggs Farms' customers.

■ In order to recover on such a claim, a plaintiff must establish the following elements: 1) an intentional act; 2) calculated to cause damage to plaintiffs' lawful business; 3) committed for the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant; and 4) actual damage. *ACI Chemicals, Inc. v. Metaplex, Inc.*, 615 So.2d 1192, 1201 (Miss.1993). In addition, a claimant who seeks recovery for interference with a contract must first establish the existence of an enforceable contract between the claimant and a third party, and that the contract would have been performed "but for" the alleged interference.

Monsanto argues the counterclaimants have not pled the existence of an enforceable contract between themselves and a third party. Furthermore, as to any interference with business relations claim, Monsanto contends there is a dearth of proof on at least two elements as to which the Scruggses bear the burden of proof: Monsanto acted without right or justifiable cause and actual damage as a result of the complained of activities.

In response, the Scruggses urge an alternative factual basis for their claims. With regard to the tortious interference with contract claim, they point to the business arrangement between Mitchell Scruggs and Donald Bunch whereby Scruggs Farm Supply was to resell Monsanto seeds purchased through Bunch Farm Service during the 2001 growing season. Because Monsanto told Bunch to "back off," the Scruggses lost profits on sales of Roundup Ready and Bollgard seeds for the 2001 growing season and every season since.

With regard to the tortious interference with business relationship claim, the counterclaimants rely on the following actions: Monsanto's prohibition on seed saving; Monsanto's creation of a seed cartel in the cotton and soybean markets; Monsanto's sale of seed to foreign farmers at prices significantly below those available to American farmers; Monsanto's decision to file suit and seek a temporary restraining order in the midst of the Scruggses' 2000 harvest; Monsanto's harassment of the Scruggses' customers; Monsanto's refusal to honor replant refund claims of farmers who purchased Roundup branded herbicides from the Scruggses because Scruggs Farm Supply was not an authorized Monsanto dealer. According to the Scruggses, the only real question is whether Monsanto acted without right or justification-a question which cannot be answered without a trial unless Monsanto is entitled to summary judgment on its claims of patent infringement and Scruggs' defense of patent misuse. Finally, Scruggs asserts that the record before the Court is sufficient to meet any burden of proving the fact of loss as a result of Monsanto's wrongful conduct and that any uncertainty as to the amount of loss should not prevent a recovery.

■ In reply, Monsanto points out the discrepancies between the factual averments contained in Count Three of the counterclaim and the actual facts upon which the Scruggses rely to support their counterclaim. Fifth Circuit authorities caution against permitting a claimant to change theories of recovery as a means of defeating summary judgment without first seeking leave to amend their pleadings.

*Overseas Inns S.A. P.A. v. United States,* 911 F.2d 1146, 1151 (5th Cir.1990); *Freeman v. Continental Gin Co.,* 381 F.2d 459, 469–70 (5th Cir.1967). Lastly, Monsanto again attacks the paucity of the Scruggses' proof of damages on the tortious interference claims, pointing out that the evidence lacks the specificity required by Mississippi law. *Fred's Stores of Mississippi, Inc. v. M & H Drugs, Inc.,* 725 So.2d 902 (Miss.1998).

▉ Monsanto's first argument is sufficient to address the vast majority of the Scruggses' tortious interference claims-i.e., the Scruggses did not plead those claims; nor have they sought leave to amend their counterclaim to do so; nor, at this late juncture, would the Court permit them to do so. With regard to the factual bases actually outlined in Count Three, the Scruggses have failed to come forward with any proof that they suffered a pecuniary loss because of Monsanto's spying, sampling and harassment of customers. Monsanto is entitled to judgment as a matter of law on Count Three as well.

4. Count Four

▉ Count Four of the counterclaim alleges a right to recovery for abuse of process. As pled, the Scruggses claim that 1) Monsanto pursued this case in order to ruin Scruggs Farms' business and to punish Mitchell Scruggs for his opposition to Monsanto's patent misuse and its efforts to monopolize the seed business; 2) Monsanto misrepresented its need for expedited discovery and entry upon the Scruggses' land; and 3) Monsanto's prosecution of the instant action is an abuse of the patent laws. In order to recover for an abuse of process, the Scruggses must first prove that Monsanto made an illegal or improper abuse of process, neither warranted nor authorized by the process; that Monsanto had an ulterior motive or purpose in exercising the improper use of process; and that the Scruggses suffered damages because of Monsanto's conduct. *State For Use and Benefit of Foster v. Turner,* 319 So.2d 233, 236 (Miss.1975). Mississippi law is clear that a claim for abuse of process may not lie where the only process involved was the filing of a lawsuit or service of a summons to defend a lawsuit. Similarly, in order for Monsanto's actions in seeking expedited discovery and entry upon the Scruggses' land to be actionable, the Scruggses must demonstrate that Monsanto exceeded the grant of authority contained in this Court's Order.

▉ In response to the motion, the Scruggses rely on two "facts" to support their claim. First, they urge that Monsanto timed the filing of the instant suit to coincide with the harvest season so as to cause the Scruggses the greatest possible damage. Second, they contend that Monsanto deliberately framed its claims so as to expose the Scruggses to the possibility of a judgment for which no insurance coverage would be available. Only speculation and conjecture support such conclusions; no reasonable trier of fact could find for the defendants given the lack of evidence in support of this claim. Monsanto is entitled to summary judgment on its abuse of process claim.

5. Count Five

Count Five of the Scruggses' counterclaim asserts a cause of action for conversion based on Monsanto's efforts to convert the Scruggses' private property rights in saved seed. The claim as pled was based on defendants' theory that Monsanto's only rights were those under the Plant Variety Protection Act, which expressly contains a seed saving clause for the benefit of farmers. The Supreme Court's decision in *J.E.M. AG Supply, Inc. d/b/a Farm Advantage, Inc. v. Pioneer Hi–Bred Inter-*

*national, Inc.,* 534 U.S. 124, 122 S.Ct. 593, 151 L.Ed.2d 508 (2001) vitiated that claim.

In response to Monsanto's motion, however, the Scruggses assert a new basis for their conversion claim: the saved seed over which Monsanto sought control pursuant to the preliminary injunction. Basically, the Scruggses claim that, notwithstanding Monsanto's claim to the genetic traits, they had a right to use the germplasm in any manner they saw fit. They urge that, at the very least, Monsanto had a duty to tender the value of the seized germplasm or to allow the Scruggses to plant the saved seed and merely pay the associated technology fee (since they had already paid for the germplasm at the time of the initial purchase).

Monsanto's response is two-tiered. First, it points out the counterclaim, as pled, does not allege any such claim; nor have the Scruggses moved to amend their pleadings to assert the new theory. Furthermore, Monsanto urges that the Federal Circuit's decision in *Monsanto v. McFarling,* another seed saving case, recognized that Monsanto's patents claim the glyphosate-tolerant plants, the genetically modified seeds for the plants, the specific modified genes, and the method of producing the plants. 302 F.3d 1291, 1293 (Fed. Cir.2002) All of Monsanto's arguments are persuasive; the Court concludes that Monsanto's motion for summary judgment on the Scruggses' conversion claim is well-taken and should be granted.

### 6. Counts Nine, Ten and Eleven [3]

The Scruggses also assert counterclaims for nuisance, strict liability in tort and negligence. The defendants have confess-ed Monsanto's entitlement to summary judgment on each of these claims. Thus, it is unnecessary to accord them any discussion herein.

### 7. Count Twelve [4]

■ Monsanto also seeks summary judgment on the Scruggses' unfair competition claim. The Scruggses pled no specific facts to support their claim for unfair competition, relying instead on the amalgamation of facts littered throughout the other counts of their counterclaim. However, after Monsanto pointed out the paucity of the Scruggses' allegations in the motion for summary judgment, the Scruggses' responded with the same list of actions discussed in the analysis of their tortious interference claims, *supra.*

Despite their best efforts, however, the Scruggses cannot offer any proof that Monsanto undertook the activities complained of with a dominant purpose of inflicting injury on the Scruggses. *Memphis Steam Laundry–Cleaners v. Lindsey,* 192 Miss. 224, 5 So.2d 227 (1941). Because the Scruggses bear the burden of proof on this issue; and because they have failed to adduce evidence from which a reasonable trier of fact could find in their favor, Monsanto is also entitled to summary judgment on the unfair competition claim.

### CONCLUSION

Based on the foregoing facts and analysis, the Court finds that Monsanto's Motion for Summary Judgment on Counts One, Two, three, four, Nine, Ten, Eleven and Twelve of Defendants' Counterclaims (Defendants' Common Law Claims) is

**3.** This Motion does not address the defendants' statutory claims for violation of Mississippi's antitrust laws. That counterclaim, also denominated as Count Nine, is addressed in the Court's separate opinion dealing with Monsanto's Motion for Summary Judgment on the Scruggses' antitrust claims.

**4.** This claim is actually denominated as Count Eleven in the defendants' counterclaim, a simple oversight.

well-taken and should be granted. An Order will issue accordingly.